## WILLIE CASSELS V. THE STATE.

### No. 11141.  Delivered December 14, 1927.

#### Rehearing denied January 25, 1928.

**1.—Carrying a Pistol—Information—Held Sufficient.**

Where on information brought under Art. 485 P. C., charges that appellant did "unlawfully carry on and about his person a pistol in a place where persons were then and there assembled, to wit: a gathering at the home of one Ella Vick," same was sufficient. Distinguishing, Lomax v. State, 43 S. W. 92, and Pickett v. State, 10 Tex. Crim. App. 290.

**2.—Same—Requested Charge—Carrying Pistol in Own Home—Properly Refused.**

Under Art. 485 of our P. C., the owner or occupant of a house where people are assembled in a social gathering may be guilty there of carrying a pistol unlawfully, hence, under the facts proven herein, the court properly refused appellant's special charge, which directed an acquittal, if he was in his own home at the time he carried the pistol. See Alexander v. State, 27 Tex. Crim. App. 533; Brooks v. State, 15, Tex. Crim. App. 86, and authorities collated under Art. 485, Vernon's P. C., Vol. 1, page 282.

**3.—Same—Continued.**

Nor did the fact that appellant was followed by officers into a room of the house that was not being used by the gathering, and then arrested, exonerate him of guilt, it being shown that he had been in the part of the house, with the pistol, when the guests were assembled.

#### ON REHEARING.

**4.—Same—Information—Sufficiently Specific.**

On rehearing, appellant further complains that the information is not sufficient in failing to charge that appellant *went into* the gathering with a pistol. We cannot agree with such criticism, as the allegation that he had on his person a pistol at and in a place where there was a social gathering, was, in our opinion, sufficiently specific.

**5.—Same—Requested Charge—Must Be Supported by Evidence—Properly Refused.**

Where a special charge does not correctly present the defense of appellant as raised by the evidence, and is misleading, it is properly refused.

Appeal from the County Court of Angelina County. Tried below before the Hon. R. A. Courtney, Judge.

Appeal from a conviction for carrying a pistol, penalty a fine of $100.00.

The opinion states the case.

*C. E. Brazil*, for appellant.

*A. A. Dawson*, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for carrying a pistol in a social gathering. Punishment was assessed at a fine of $100.00.

The charging part of the information is that appellant did "unlawfully carry on and about his person a pistol in a place where persons were then and there assembled, to-wit: a social gathering at the home of one Ella Vick." The offense charged is the one denounced in Art. 485, P. C. It is appellant's contention that the information is insufficient to charge the crime defined in said Art. 485, but does charge the unlawful carrying of a pistol generally under Art. 483, but that the evidence showing the carrying to have been at the home of appellant's mother, where he also lived, it would not justify a conviction under Art. 483. Among other things Art. 485 provides that if any person shall go into any social gathering where persons are assembled, and shall have or carry about his person any pistol, he shall be fined not less than $100 nor more than $500 or be confined in jail not less than 30 days nor more than 12 months, or both. To constitute the crime there must be people assembled at a social gathering and accused must have carried the pistol about his person at such place and time. We are not able to discover any vice in the information. It charges all the elements necessary to constitute the offense. In the Lomax case, 43 S. W. 92, upon which appellant relies, there was an omission to charge that "people were assembled." Pickett v. State, 10 Tex. Crim. App. 290 is not authority for the proposition that the allegations were not sufficient to charge an offense under what is now Art. 485, P. C. In the latter case, the trial court quashed the information in so far as it undertook to aver the carrying of a pistol in a "public assembly." This court was not called upon to determine whether that ruling was correct, but only held it was not error to proceed under what is now Art. 483 of the P. C.

The owner or occupant of a house where people are assembled in a social gathering may be guilty of there carrying a pistol under the provisions of Art. 485 P. C., hence, under the facts proven, the court properly refused appellant's special charge, which directed an acquittal if he was in his own home at the time he carried the pistol. Alexander v. State, 27 Tex. Crim. App. 533; Brooks v. State, 15 Tex. Crim. App. 88. (Other authorities are collated in notes under Art. 485, Vernon's P. C., Vol. 1, page 282.)

Appellant and his mother claimed they had thrown two rooms of the house open to guests but had reserved a bed room and the kitchen for their own privacy, and that the officer took

the pistol off appellant in the kitchen.   Upon this evidence appellant asked the court to charge the jury that before conviction could be had, they must find beyond a reasonable doubt that the "room where the officer took the pistol from the defendant was thrown open to the public, and was used as a place for a social gathering."   The charge was properly refused.   If appellant and his mother could devote only a part of the house to public or social purposes, reserving the balance in privacy—which we find it unnecessary to decide—still the requested charge was not applicable under the facts.   The officer testified that when he went to the house, appellant was standing in the door, and went through the room where they were dancing into the kitchen where he was followed by the officer, who there took the pistol from him.   This evidence showing that appellant had been in the part of the house where the guests were assembled, it would have been improper to direct an acquittal because the pistol was taken from him in some other part of the house.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant renews his contention that the information was not sufficient to charge him with the offense defined and described in Art. 485 of our Penal Code, the specific point of his complaint being that said article · penalizes any person who *goes into* any social gathering, place where people are assembled, etc., and that it is not stated in the information that he *went into*, etc.   We do not think the statute contemplates any special emphasis on the words italicized.   The accused was sufficiently charged by an allegation that he had on his person a pistol at and in a place where there was a social gathering, and people were assembled, etc.   Nor do we think it necessary that the information should have charged conjunctively the having and carrying of such pistol.   It was sufficient to charge him with having same.   It would have been sufficient to charge him with carrying same at said time and place.   Where, as in this statute, the offense may be committed in two ways, namely, by having or carrying, etc., the charge is sufficiently laid in the indictment or information when the accused is charged with doing either of the things specified.   The state might have properly charged him with having and carrying, but contented itself with naming only one of the statutory acts necessary to make him guilty.

We have again reviewed the special charges submitted, in view of appellant's insistence that the court did not submit his affirmative defense, and his claim that such defense was embraced in one of said charges. In misdemeanor cases we hold that it is not enough to except to the charge, but that a special charge embodying the principle of law which the accused sought to have given to the jury, should have been requested. It is true that appellant contended in this case that he did not carry the pistol into the rooms of his mother's house in which the guests at the social gathering were assembled, but we find no special charge in the record seeking to have the jury told that if he did not so do he would not be guilty. The officer testified that he saw appellant in the room where the guests were assembled at said gathering and that he did not lose sight of appellant until the latter had gone into the kitchen where he was arrested and searched and the pistol found on him. Manifestly a special charge asking that the jury be told that they must find and believe beyond a reasonable doubt that the room where the officer took the pistol from the defendant was open to the public and used as a place for a social gathering, was an incorrect instruction as applied to the facts of this case, and presented a wholly different principle of law from that which is contended now to be the affirmative defensive theory, namely, that appellant had not carried the pistol into the rooms where the social gathering was in progress.

We are unable to find any error in the former opinion, and the motion for rehearing will be overruled.

*Overruled.*