THEODORE SCHWEINLE V. THE STATE.

No. 11430.   Delivered April 4, 1928.

1. — Catching Fish by Dynamiting — New Trial — Newly Discovered Evidence—Properly Refused.

Where appellant requested a new trial on the ground of newly discovered evidence and the affidavit of the absent witness does not negative the truth of the state's testimony, the new trial should be refused. It is a well settled rule that to entitle a party to a new trial upon the ground of newly discovered evidence the evidence must be such as would likely change the result. See Hutchinson v. State, 6 Tex. Crim. App. 468.

2.—Same—Charge of Court—In Misdemeanor Cases—Rule Stated.

In misdemeanor cases it is not sufficient to object and except to the charge of the court, but is necessary to present special charges and carry

forward his point by proper bill of exceptions to.the refusal of such special instructions.   See Robbins v. State, 60 Tex. Crim. Rep. 523.   Vernon's C. C. P., 1925, Vol. 2, p. 289.

Appeal from the County Court of Montgomery County.   Tried below before the Hon. W. H. Lee, Judge.

Appeal from a conviction for catching fish by dynamiting and use of explosives, penalty a fine of $25.00.

The opinion states the case.

*McCall & Crawford* of Conroe, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Appellant was charged by information with unlawfully attempting to take and catch fish from a fresh water stream by the use of dynamite and explosives.   His punishment was assessed at thirty days' confinement in the county jail and a fine of $25.00.

It is insisted that the evidence was insufficient.   Witness Dulaney was riding near Spring Creek bottom and observed three men in a Ford car going into the bottom.   Shortly thereafter he heard two explosions.   Thereafter he heard a third explosion further down the creek.   Riding rapidly to the scene of the first two explosions, he found the water muddy; the leaves on the trees above the water hole were wet and dripping with water.   Several dead fish were strewn on top of the water.   One was pulled out and was bruised and bloodshot; every bone in its body appeared to be broken, according to witness.   Some paper wrappings from sticks of dynamite were on the ground near this water hole and there was an old chunk in the water with a string tied to it.   He went to the scene of the third explosion, got on his horse and started away, and hearing a Ford engine start, he ran and intercepted it and found three men in it, including appellant, apparently in a great hurry to get away.   Appellant said, "You didn't see us put dynamite in the creek."   The next morning witness, in company with another, followed three chains of tracks from where appellant's car was located to the scene of the first explosions and down the creek to the scene of the other explosion and dead fish were found there.   These same tracks went from the last point back to the appellant's car.   A search above and below the scene of the different explosions revealed no other human tracks.

The court charged on principals and circumstantial evidence. In our opinion the evidence was sufficient and amply so to sustain the conviction.

Motion for new trial was made based upon newly discovered evidence. An affidavit of one William Craig was filed to the effect that he was fishing near the mouth of and up and down Walnut Creek, a tributary of Spring Creek, on the day of the alleged explosion of dynamite; that he heard these explosions and about fifteen or twenty minutes thereafter he observed two cars of people coming out of Spring Creek bottom and traveling the same route that he had come from Harris County and going in that direction. This testimony needs no analysis from us to show that it does not necessarily contradict the testimony of Dulaney, and in our opinion would not have changed the result of the trial if it had been available to appellant. "It is a well settled rule that to entitle a party to a new trial upon the ground of newly discovered evidence, the evidence must be such as would likely change the result." Burns v. State, 12 Tex. Crim. App. 269; Hutchinson v. State, 6 Tex. Crim. App. 468; Vernon's C. C. P., 1925, Vol. 3, p. 13. The showing made for a new trial is deficient in other particulars not necessary to mention.

Complaint is made of the court's charge. Appellant presented no special written instructions in the lower court covering the points which he now claims were not correctly charged upon and in the absence of these with a bill of exception to the refusal of such special instructions there is nothing presented for review in this character of a case. This being a misdemeanor case, the appellant should have asked special instructions and carried forward his point by proper bills of exception to the refusal of such special instructions. Robbins v. State, 60 Tex. Crim. Rep. 523. Vernon's C. C. P., 1925, Vol. 2, p. 289.

No error appearing in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.