## U. G. WEST v. THE STATE.

No. 20912. Delivered March 13, 1940.
Rehearing Denied April 24, 1940.

The opinion states the case.

*Jimmie Cunningham,* of Graham, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is negligent homicide in the second degree; the punishment assessed is a fine of $100.00.

Appellant was charged by complaint and information with having negligently and carelessly caused the death of Gilford Barnett by the operation of a motor vehicle upon a public highway, said vehicle not being provided with adequate brakes in good working order.

This prosecution arose under and by virtue of Art. 1239 P. C. which provides: "Negligent homicide of the second degree can only be committed when the person guilty thereof is in the act of committing or attempting the commission of an unlawful act."

Art. 1240 P. C. reads in part: "Within the meaning of an 'unlawful act' as used in this chapter are included:

"(1) Such acts as by the penal law are called misdemeanors."

Art. 799 P. C. makes it a misdemeanor for any person to operate a motor vehicle upon a public highway which motor vehicle is not provided with adequate brakes kept in good working order.

Art. 827a P. C. Sec. 9, provides among other things that:

"* * * Any motor vehicle or combination of motor vehicles, trailer, or semi-trailer or other vehicle, shall be equipped with brakes upon one or more of such vehicles adequate to stop such combination of vehicles in dry weather upon a reasonably level surface within a distance of 45 feet from the spot where such brakes are first applied when such vehicle or combination of vehicles are traveling at a rate of speed of 20 miles per hour."

We deem the complaint and information sufficient to charge the offense.

Appellant challenges the sufficiency of the evidence to warrant and sustain his conviction. The testimony adduced by the

State, briefly stated, showed that about 7 A. M. on October 18, 1939, the appellant was driving a truck North on Texas Street in the City of Graham at a rate of speed estimated at about 40 miles per hour. He was accompanied by E. H. Griffin. At the same time J. E. McEntire, together with Wilburn and Clifford Barnett (the deceased) were in a truck slowly traveling west on Blewett Street. When McEntire reached a point about the center of the intersection of Texas and Blewett Streets, he realized that West would hit his truck and pulled his steering wheel sharply to the right. Appellant's truck struck the rear left fender of McEntire's truck and turned it over. The occupants of McEntire's truck were thrown out and Clifford Barnett received injuries in the collision which caused his death. McEntire, immediately after the accident, asked appellant what was the matter with him and appellant replied that his brakes would not work; that the sun was shining in his eyes and he could not see the McEntire truck by reason of a house on the southeast corner of the intersection of the streets. There was also testimony by an officer that he had theretofore reminded appellant on numerous occasions that his brakes were inadequate. Some few days after the unfortunate occurrence, officers made a test of the brakes on appellant's truck with his consent and assistance. At the time of the test appellant stated to the officers that his brakes were in the same condition as at the time the accident occurred. The test showed that from the point where appellant first applied the brakes to the point where he finally stopped was a distance of 64 feet. The ground was level where the test was made. Appellant did not testify but introduced some witnesses who testified that McEntire's truck was on the wrong side of the road at the time of the accident, and was traveling at a speed of about 35 miles per hour. We deem the evidence sufficient to support the jury's conclusion of appellant's guilt.

Appellant addressed a number of objections to the court's charge. In paragraph four of his charge, the court defined what constituted adequate brakes as the same is defined in Art. 827a, P. C. supra. Appellant objected thereto on the ground that there was no evidence that the weather was dry on the day in question. We do not think there was any error in the court's instruction, since the court literally followed the definition as set forth in the statute. Moreover, this being a misdemeanor, if appellant was dissatisfied with the definition he was required to go further and present a correct special instruction relative thereto and request that it be submitted. What we have said applies with equal force to every objection to the court's charge

in which appellant failed to submit a special requested instruction. See Schweinle v. State, 109 Tex. Crim. Rep., 411, 4 S. W. (2d), 976; Cassels v. State, 108 Tex. Crim. Rep., 477, 1 S. W. (2d), 644; 4 Tex. Juris. p. 74 Sec. 47, and p. 101, Sec. 66 and the many authorities there collated.

Appellant also complains because the court declined to submit his special requested instruction to the effect that if the homicide was due to an accident, to acquit him. We do not think appellant was entitled to such an instruction under the facts of this case. There might be instances when a defendant would be entitled to an instruction on *unavoidable* accident, but appellant made no such request in this case. All other objections to the court's charge have been carefully considered by us in connection with the charge given by the court. We deem the charge given a pertinent application of the law to the facts, and do not think it is subject to the criticisms addressed thereto.

All other matters complained of by appellant have been carefully considered by us and are deemed to be without merit. No error of a reversible nature appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, Judge.

In his motion for rehearing appellant contends that the evidence fails to show that he was driving the truck that struck Mr. McEntire's car. We are unable to agree with this contention. In his testimony Mr. McEntire said that he was driving slowly and was in the middle of the intersection when he saw that West (appellant) was going to hit him; that he estimated West's speed at forty miles per hour; that when he got out of his truck he asked West what was the matter and West replied that his brakes would not hold, and also said that the sun was in his eyes, and that he could not see on account of a house on the south-east corner of the intersection. We think this evidence sufficient to show that appellant was driving the car.

We have carefully re-examined the record in the light of the motion for rehearing, and are constrained to adhere to the conclusion expressed in the original opinion.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.