## Richmond.

### DAVIS v. THE COMMONWEALTH.

#### Absent, *Moncure*, P.

·The court which grants a license to keep a bar-room has the power to revoke the same for cause; and the fact that the person to whom the license was granted has been convicted in another court of a violation of the law against selling liquor on Sunday, is a sufficient cause to warrant such revocation of the license.

This was a writ of error to a judgment rendered by the hustings court of the city of Richmond, revoking the license of Mark Davis, who had been licensed by said court to keep a bar-room in said city. The facts are sufficiently stated in the opinion of the court.

*Meredith & Cocke* and *George D. Wise*, for the appellant.

*The Attorney-General*, for the Commonwealth.

CHRISTIAN, J., delivered the opinion of the court.

This is a writ of error to a judgment of the hustings court of the city of Richmond.

The plaintiff in error was licensed as a bar-room keeper by said court, which license was issued to him in due form of law on the 9th of May, 1881.

On the 11th of October, 1881, on the motion of the attorney for the Commonwealth, a rule was awarded against Mark Davis to show cause, if any he could, why the license heretofore granted to him by said court on the 9th of May,

Davis v. The Commonwealth.

1881, to sell by the drink, to be drunk at the place where sold, wine, ardent spirits, malt liquors, cider, or any mixture thereof, at his house, No. 12 North Twelfth street, in this city, should not be revoked and annulled on the ground that he had kept his bar-room open on Sunday, contrary to law and since his license was granted; that he is not now a " fit person " to have said license, and that his place of business is not now "a suitable and convenient" one to be licensed.

In answer to this rule, the plaintiff in error appeared and moved to quash the same, which motion was overruled by the court; and then, for answer to said rule, he said that the court had no right or jurisdiction to revoke his license for the ground set forth in said rule. He further averred in his answer that he had already been punished for keeping his bar-room open on Sunday, and that a fine of ten dollars had been legally imposed upon him by the police justice of the city of Richmond on the 16th day of August, 1881, at the police court of said city; and that he ought not to be tried and punished a second time for the same offence.

He also asked for a trial by jury, which motion the court overruled, and entered a judgment revoking and annuling the license which had been granted the plaintiff in error, and also a judgment for costs.

It is to this judgment that a writ of error was awarded by one of the judges of this court.

The court is of opinion that there is no error in the said judgment of the hustings court.

The authority for the action of said hustings court is found in section 106 of chapter 206 of the Acts of Assembly of 1874–'5, page 224, which reads as follows:

"Upon the motion of the attorney for the Commonwealth for the county, city, or town, or of any other per-

son, after ten days' notice to any person or firm licensed to sell liquors or any other thing, the granting of whose license was based upon the certificate of a court, the court which granted the certificate may revoke the said license. When the license of said person is revoked, as aforesaid, the court shall give judgment against the said person for the costs of the proceeding, including a fee of five dollars to the attorney for the Commonwealth."

The statute plainly conferred upon the hustings court the right to revoke the license which had been 'granted, and it was a matter left to its discretion (soundly exercised, of course) to say whether the party brought before it should continue to act under the license issued to him by said court.

The proof is conclusive to show that the plaintiff in error (Davis) had violated the law by selling liquor on Sunday, which was proved by the record in the police court, and for which he was fined by the police justice.

This conviction, we think, was sufficient of itself to justify the court in revoking his license. And we heartily concur with the court below when it says:

"This court deems any person who will thus abuse a license granted by it not 'a fit person' within contemplation of law to be further entrusted with that license, and for these reasons, and in the exercise of what it deems a sound legal discretion on this subject, has revoked the license of the defendant."

The argument of the learned counsel for the plaintiff in error that, because he has already been punished by a fine in the police court, he ought to be released from any further punishment by way of revoking his license, is not sound. The revocation of the license is not a *punishment* for any specific offence, but is simply the withdrawal of a privilege which the State grants to carry on a legitimate business.

That business must be conducted according to the laws prescribed by the statute. It is for the court, who grants the license, to determine, in its discretion and the facts before it, whether the party obtaining such license is lawfully conducting the business which he is licensed to pursue. And in this matter a very large discretion is given to the court, either to grant the license to a "fit person," or to revoke it when it appears that he is not a "fit person" to have such license.

In the case before us, it is plain that Davis, the plaintiff in error, violated the law, and his defence is based upon the fact that he did violate the law and was fined by the police justice for its violation, and that therefore no further punishment could be inflicted upon him by the revocation of his license. In other words, he pleads a conviction of a violation of the law as a ground for his protection.

We think the judgment of the hustings court in revoking this man's license was plainly right.

Public morals and the safety and good order of society require that this dangerous traffic in ardent spirits should be carefully guarded and placed in the hands of men who will observe the law and not violate it.

If a man having a license to sell ardent spirits shall sell liquor to minors, or keep his bar-room open on election day, or on Sunday, he is not a "fit person" to receive a license, and when he violates these laws his license ought to be revoked. It is a vain thing to say that because he has been fined for either of these offences his license cannot be revoked, because he has already been punished for an offence against the law. He might pay his fine and go on in his illegal traffic, and might well afford to do it and make money out of the operation.

But the object of the statute is to stop such a man from

Davis v. The Commonwealth.

his unlawful traffic, and to say that he is not a " fit person " to carry on such a business.

Upon the whole case the court is of opinion that the said hustings court was right in revoking said license, and that the said judgment of the said hustings court be affirmed.

JUDGMENT AFFIRMED.