## No. 2205.

### J. N. Tooke *v.* The State.

1. Constitutional Law.—Section 10 of the Bill of Rights of the Constitution of this State guarantees to a person accused of crime the right to be heard in person and by counsel, etc. That section, however, has reference exclusively to the trial in the *nisi prius* court, and can not be stretched to confer upon a person convicted of crime, and confined in jail, pending his appeal to this court, the right to be brought personally before this court to be heard in person upon his appeal. See the opinion *in extenso* upon the question.

2. Practice in This Court—Appearance.—Moreover, the statutes of this State (Code Crim. Proc., arts. 840 and 841) dispenses with the appearance before the Court of Appeals of a person appealing from a criminal conviction, if he be confined in jail, and requires the confinement in jail, pending appeal, of any person convicted of a felony.

Appeal from the District Court of Travis. Tried below before the Hon. A. S. Walker.

This conviction was for swindling, and the penalty assessed against the appellant was a term of four years in the penitentiary. No statement of the facts in proof seems necessary.

No brief for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

White, Presiding Judge.    This appeal is from a sentence of four years in the penitentiary, upon a conviction for swindling. Appellant is an attorney at law, and he has addressed a letter to this court, requesting that an order be made to have him brought from the jail of Travis county, in which he is confined, to Galveston, in order that he may appear in person before, and in person present to this court the appeal he has taken from the judgment of the lower court.    We have caused his letter to be filed and will treat it as a motion to that effect.    As shown by the record, appellant was represented in the trial court by three attorneys of the Austin bar, two of whom, at least, have for years been officers of this court, and are known to be attorneys of standing and ability.    It is further shown that the case was conducted by them for the defense with skill and ability; at least, it is not shown by the record that anything was omitted by them in the conduct of the case likely to benefit their client.

The question arising upon the motion is, has an appellant in a criminal case the right to demand that he be allowed to present his appeal *in propria persona* in the court of last resort? We have been unable to find any case in which this precise question has been adjudicated, in our own or any of the courts of the United States.

It is provided in our State Constitution that "in all criminal prosecutions, the accused shall have a speedy public trial, by an impartial jury.    *       *       *    He shall have the right of being heard by himself or counsel, or both; shall be confronted with the witnesses against him," etc. (Const., Bill of Rights, sec. 10). This identical provision is found in the Constitution of 1845 (I Pas. Dig., p. 48), and has been retained unaltered in each subsequent organic instrument.    In the sixth Article amending the Constitution of the United States, the provision is that the accused shall "have the assistance of counsel for his defense." (Rev. Stat., p. 7.)

Mr. Cooley says:    "With us it is a universal principle of constitutional law that the prisoner shall be allowed a defense by counsel."    (Cooley's Const. Lim., 4 ed., p. 412.)    In addition to counsel, our Constitution, it will be noted, gives him the right "of being heard by himself."

At *nisi prius* trials the right of being heard can not be denied the accused.    In Wood v. The Commonwealth, 3 Leigh, Virginia, 805, it was held that "upon the trial of a question of fact in a criminal case the accused has the right to be heard by coun-

sel before the jury, and the court has no right to prevent him from being heard, however simple, clear, unimpeached and conclusive the evidence in its opinion may be." And in The People v. Keenan, 13 California, 581, the court say: "It is unquestionably a constitutional privilege of the accused to be fully heard by counsel. An opportunity must be afforded him for full and complete defense."

We are of opinion that a fair and legitimate construction of our constitutional provision limits the right of a defendant to be "heard by himself" to the *nisi prius* trial. The language of section 10 shows that the intention was to declare rights pertaining to the trial before a jury or court where the charge was being investigated on the introduction of evidence. This we think apparent from the reading of the section, which is: "In all criminal prosecutions the accused shall have a speedy public trial by an impartial jury. He shall have the right to demand the nature and cause of the accusation against him. He shall not be compelled to give evidence against himself. He shall have the right of being heard by himself or counsel, or both; shall be confronted with the witnesses against him, and shall have compulsory process for obtaining witnesses in his favor. And no person shall be held to answer for a criminal offense unless on an indictment by a grand jury," etc. Evidently these matters all relate to proceedings in the trial court; and the order of argument in the trial court is specially provided for by statute. (Code Crim. Proc., arts. 667, 668.) That the construction we have placed upon the defendant's right to be heard in person is correct is further shown by the legislative declaration that "the defendant to a criminal action need not be personally present upon the hearing of his cause in the Court of Appeals; but he may appear in person in cases where by law he is not committed to jail upon appeal" (Code Crim. Proc., art. 840); and "when the defendant appeals in any case of felony he shall be committed to jail until the decision of the Court of Appeals can be made and received." (Code Crim. Proc., art. 841.)

Presentation and argument of cases on appeal are regulated by the rules of the Court. In criminal cases the same rules as are prescribed for the Supreme Court in civil cases apply to the Court of Appeals. (See 2 Texas Ct. App., pp. 637, 638, 639 and 645.) There is no rule, other than that mentioned in Article 840, Code of Criminal Proceedure, supra, contemplating the fact of the personal presence of the accused in the Court of Ap-

peals on the hearing of an appeal. Besides the fact that there is no law for such procedure, the impolicy of such a rule is strikingly apparent. In the first place there is no necessity for his appearance, since all the matters which can legitimately come before the court should be and are supposed to be in the transcript of the record. And again, if such a rule should be established or recognized, there is not an appealed felony case scarcely in which the right would not be claimed and demanded, and the State subjected to thousands of dollars of needless and useless expense in complying with it. We do not think any such right is even contemplated, much less guaranteed, by the constitution and laws of the State; and we are further of opinion that the establishment of such a procedure would be decidedly detrimental to the pecuniary interest of the State, without proving of any the least practical benefit to parties appealing. Appellant's motion to be brought in person before this court to enable him to present his appeal is overruled.

With regard to the disposition of the case upon its merits, we deem it only necessary to say that we have given this record our most mature consideration, and are constrained to declare that we have been unable to find in it any reversible error. Wherefore the judgment is affirmed.

*Affirmed.*