EDUARDO GUTIERREZ v. THE STATE.

No. 7936.   Decided January 16, 1924.

**Assault to Murder—Argument of Counsel.**

Where upon trial of assault with intent to murder the State's counsel contending that the testimony of defendant's wife on the trial was fabricated, and having the means at hand for impeaching her by her former statement if the two were conflicting, the failure to do so was the proper subject of comment by counsel for the defendant, and where the counsel

for the accused during his argument was interrupted by the court and prevented from making such statement and comment the same is reversible error. Following Hampton v. State, 45 Texas, 154; Exon v. State, 33 Texas Crim. Rep., 469.

Appeal from the District Court of El Paso.   Tried below before the Honorable W. D. Howe.

Appeal from a conviction of assault with intent to murder; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*E. B. Elfers,* for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

MORROW, Presiding Judge.—The conviction is for assault to murder; punishment fixed at confinement in the penitentiary for a period of five years.

Appellant shot Bernardo Salazar.   There were two eyewitnesses to the tragedy, namely, Augustine Bustamente, and the wife of the appellant.   According to the testimony of Bustamente, he and the deceased, after drinking intoxicating liquor together for several hours, went to the home of the appellant after more of the same article.   A quarrel between the deceased and the appellant arose. The deceased seized a lighted lantern which furnished the only light in the room.   Holding the lantern in his hand, he told the appellant that he did not fear him.   Appellant drew his pistol and fired at the deceased.   The latter threw the lantern at the appellant.   The testimony of the wife of the appellant was to the effect that the parties were fighting when she entered the room; that there were two lanterns burning in the room; that the deceased seized one of them and threw it at the appellant, after which the appellant took his pistol from under the pillow on the bed, and that when the deceased threw the other lantern, which hit the appellant, he began firing.   The shots took effect.   The doctors expressed the opinion that the wounds were not fatal and advanced the theory that the death of the deceased, which occurred at a sanitarium sometime later, resulted from the excessive use of alcohol.

Late in the night upon which the shooting took place, the appellant and his wife were brought to the office of the county attorney, and there the appellant made a written statement, which was introduced in evidence by the State and which, if believed, would have exculpated him, though it did not coincide fully with the testimony of either Bustamente or the wife of the appellant.   This statement was proved by the county attorney, and on cross-examination, he stated that on the same night he took a written statement from the

wife of the appellant while she was at the police station, the statement having been written by the witness.

An attorney employed by the private prosecution, in his address to the jury, argued that the conflict between the testimony of Bustamente and the wife of the accused should be settled in favor of the State for the reason that the State's witness was disinterested and without motive to relate anything other than the truth, while, on the other hand, the wife of the accused, because of her relationship with the appellant, would tell a story that would free him from blame; "that her testimony of what occurred was manufactured from beginning to end of the purpose of trial, and the jury should therefore give it no consideration in their deliberation." During his argument, the appellant's attorney was interrupted by the court, and what occurred is quoted from the bill of exceptions thus:

"Now, gentlemen, there is one circumstance in this case which should weigh much with you in passing on this woman's story. It appears in evidence that on the night of the shooting and within a short time thereafter this woman was brought to the police station and that while there Mr. Pelphrey, the County Attorney, asked her for a statement of what occurred and took from her a written statement which she voluntarily made.

"At this point in council's argument, and without objection on the part of counsel representing the State, the Court interrupted counsel for the defendant and in the presence of the jury said to him: 'Mr. Elfers, you are making an improper argument and I cannot permit you to make any reference to any statement made to Mr. Pelphrey by the wife of the defendant.' That counsel for defendant then offered to explain to the Court the use which he intended to make of the statement and the fact that same had been made, but the Court replied: 'Any statement made by the wife cannot be used either for or against the defendant. It would be hearsay if sought to be used for him and you know it would not be proper to use it against him. I will not permit you to make any reference to such statement and will give you a full bill'."

This court is unable to bring itself into accord with the view of the learned trial judge. The appellant having called his wife as a witness, it was the privilege of the State to impeach her, and for this purpose the testimony of the county attorney and the written statement made by her were available. Hampton v. State, 45 Texas, 154; Exon v. State, 33 Texas Crim. Rep., 469; and many other cases collated in Branch's Ann. Tex. P. C., Sec. 133. If the wife's relation of the facts upon the trial differed from that made to the county attorney immediately after the tragedy, proof of this conflict would have been of value to the State in discrediting her testimony given upon the trial. The State's counsel contending that her testimony

on the trial was fabricated and having the means at hand for impeaching her by her former statement if the two were conflicting, the failure to do so was the proper subject of comment by counsel for the accused. This rule is succinctly stated in Corpus Juris, Vol. 16, Sec. 2250, and is supported by the citation of many cases, both in this and other jurisdictions. Illustrations of its application are found in the numerous decisions of this court collated by Mr. Branch in his Ann. Tex. P. C., Sec. 373. The principle has often been applied against the accused where he failed to introduce his wife as a witness or where he failed to introduce other testimony which was available, and the materiality of which was suggested by the record. In one of the earlier cases giving sanction to the propriety of commenting upon the appellant's failure to call his wife as a witness, this court said:

"It was disclosed by the evidence that the defendant's wife must have known important facts bearing directly upon the issue in the case, and that she was within easy reach of the process of the court. * * * Under these circumstances we think the prosecuting attorney was justified in the remarks complained of, and that the court did not err in its action in relation thereto." (Mercer v. State, 17 Texas Crim. App., 467.)

A proper comment upon any evidence legitimately before the jury we understand to be an incident of the right of one accused of crime to appear by counsel which is guaranteed by both the National and the State Constitutions. Thompson on Trials, Vol. 1, sec. 921; Cyc. of Law & Proc., Vol. 12, p. 568; Corpus Juris, Vol. 10, sec. 2098, note 50. The evidence that the appellant's wife had made and signed a statement in the presence of the county attorney being a fact proved without objection and before the jury, in our judgment, it was the right of the appellant, through his counsel, to make the comment attempted upon the failure of the State to make use of it, and to draw therefrom inferences favorable to the accused. In denying this privilege, we are constrained to regard the action of the learned trial judge unwarranted and that under the facts the appellant was entitled to a new trial.

A reversal of the judgment is therefore ordered.

*Reversed and remanded.*