### WILL VENN V. THE STATE.

No. 9718.    Delivered January 13, 1926.

1.—Sale of Intoxicating Liquor—Requested Charge—On Circumstantial Evidence—Properly Refused.

Where the prosecuting witness on a trial for the sale of intoxicating liquor, testified that he purchased whiskey from appellant, and paid for it, the fact that his testimony was contradicted, did not call for a charge on circumstantial evidence, and the court properly refused appellants' special charge on the law of circumstantial evidence.

2.—Same—Evidence—Supporting Witness—Held, Proper.

Where appellant, on his cross-examination of the state's main prosecuting witness, Winn, inquired of him as to his conviction at the jail, and

also introduced testimony that the witness Winn had made statements contrary to his testimony on the trial, it was proper to permit the state to then bring out all of Winn's conversation at the jail and to prove that he had made the same statement as that given in testimony by him to the county attorney, prior to the trial. See Art. 728, C. C. P. of 1925; Sec. 181, Branch's P. C.

### 3.—Same—Evidence—Improper Question—Excluded by Court—No Error Shown.

Where on cross-examination of the appellant he was asked questions with reference to his business and earnings which were not objected to until answered, and then being objected to, the court withdrew same, and instructed the jury to wholly disregard both the questions and answers, no error is shown.

#### ON REHEARING.

### 4.—Same—Punishment Inflicted—Province of Jury—Practice or Appeal.

In his motion for rehearing appellant presents that the punishment is excessive, the maximum penalty having been inflicted. The evidence being sufficient to sustain the conviction, the measure of the punishment was within the discretion of the jury. The power of this court extends no further than to determine whether the evidence adduced upon the trial supports the verdict, and whether in the conduct of the trial the legal procedure was followed.

Appeal from the District Court of Upshur County. Tried below before the Hon. J. R. Warren, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty five years in the penitentiary.

The opinion states the case.

*M. B. Briggs* of Gilmer, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for the sale of intoxicating liquor, punishment is five years in the penitentiary.

The alleged purchaser, Oscar Winn, testified that he went to appellant's home and bought whiskey from him. The sale was denied by appellant and his witnesses, they claiming that Winn brought whiskey to appellant's house and offered him a drink of it, which he declined. Winn was intoxicated when arrested by officers and placed in jail. Appellant developed that the story first told by Winn to the officers was that he got the whiskey from a negro.

Appellant requested a charge on circumstantial evidence and complains because it was refused. We see no basis for the

claim that the state's case rested on circumstantial evidence. This would not arise because Winn's evidence was assailed by proof that he at first said he got the whiskey from some one other than appellant.

Bills of exception 3, 4 and 5 relate to the same subject and complain because the state was permitted to prove certain conversations between the witness Winn and other parties while Winn was in jail, appellant not being present, and for admitting proof that when brought from jail to the county attorney's office Winn told said officer that he bought the whiskey from appellant. The qualification to these bills shows that appellant first inquired about the conversation at the jail in the cross-examination of Winn. The qualification is borne out by the statement of facts to which the learned trial judge referred us. This being true appellant is in no position to complain because the State inquired more in detail as to the same conversation. Art. 728, C. C. P. (1925 Revision). Appellant having impeached prosecuting witness by showing he at one time said he got the whiskey from a negro, a statement inconsistent with his evidence on the trial, the state was within its rights in supporting said witness by proving that the statement made by him to the County Attorney was consistent with his evidence. (For collation of authorities see Sec. 181, Branch's Ann. Tex. P. C.)

Bill number six was refused by the court and appears to have no place in the record. Bill number seven presents no error and we think is not of sufficient importance to call for discussion.

In bill number eight complaint is made of certain questions propounded to appellant by the State on cross-examination, the effect of the questions being an effort to elicit information that all the money made by appellant in the last five years was from selling whiskey in Upshur County. The learned trial judge says in explanation of the bill that some of the questions were asked and answers given before any objection was made; that objection was interposed when appellant was asked, "How much have you made outside of selling whiskey in Upshur County?" that the objection was sustained and in connection with the ruling the court said, "The jury will understand the District Attorney's questions are not testimony." Appellant admitted he had been indicted many times for violating the "liquor laws," and declined to answer whether it was not a fact that he had been indicted as many as twelve times either for selling whiskey, or possessing it for the purpose of sale, or for manufacturing it, or possessing implements for manufacturing it. The inquiry

out of which the complaint reflected by bill number eight arose was directed towards ascertaining what business appellant was engaged in. The explanation of the learned trial judge appears to relieve the proceeding of error. He was not called upon to rule until objection was made, whereupon he appears to have acted promptly in sustaining the objection, and telling the jury the questions were not to be regarded as evidence.

Finding no errors which in our opinion demand a reversal, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Oscar Winn testified that he purchased some whiskey from the appellant. The appellant testified, denying the sale. He introduced testimony impeaching the general reputation of the State's witness for truth and veracity. The witness also made some conflicting statements. He showed some reluctance to give testimony and was vigorously cross-examined. The State introduced consistent statements.

The various bills of exceptions are discussed in the original opinion and no new matter is presented upon the rehearing, save that it is there contended that the punishment is excessive. The punishment, it is true, is the maximum allowed by law. The evidence being sufficient to sustain the conviction, the measure of the punishment within the law was within the discretion of the jury. The power of this court extends no further than to determine whether the evidence adduced upon the trial supports the verdict and whether in the conduct of the trial the legal procedure was followed. In these particulars we are unable to perceive aught that would give this court authority to overturn the verdict.

The motion for rehearing is overruled.

*Overruled.*