# NOVEMBER 17, 1937

## C. D. FERGUSON v. THE STATE.

No. 19108.   Delivered June 16, 1937.
Rehearing Granted November 17, 1937.

The opinion states the case.

*Brownlee & Brownlee,* of Madisonville, and *M. E. Gates,* of Huntsville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for possessing for the purpose of sale in "dry area" intoxicating liquor, to-wit: whisky; punishment assessed at a fine of $100.00.

In appropriate language it was alleged in the complaint and information that an election had been held in Madison County in December, 1904, which resulted in prohibiting the sale of intoxicating liquor in said county.

Appellant moved to quash the complaint and information because it was not alleged that the local option election mentioned was to determine whether the possession of intoxicating liquor for sale should be prohibited. Appellant has not favored us with a brief and we can only appraise his position from the motion, but it does not occur to us that there is any merit in the contention. The status of "dry area" was fixed by the Constitutional Amendment adopted in August, 1935, amending Art. XVI. The 44th Legislature, 2d C. S., Ch. 467, in enacting the "Texas Liquor Control Act" was making effective said amendment. So far as the offense here charged was concerned the Legislature provided that in territory where the sale of intoxicating liquor had been prohibited it should be unlawful to possess it for the purpose of sale. The question is somewhat analagous to that discussed in Ex parte Gilmore, 88 Texas Crim. Rep., 529, 228 S. W., 199.

Officers having a warrant of arrest for appellant on a charge of selling intoxicating liquor went to appellant's place of business to execute the warrant and there found various brands of whisky in pint and half-pint bottles, amounting in all to thirty-six bottles.

Appellant objected to the order of the Commissioners Court declaring the result of the local option election alleged in the complaint and information for the reason that the possession of intoxicating liquor for the purpose of sale was not prohibited.

This was the same question raised by motion to quash the State's pleading. The objection was properly overruled.

Appellant objected to the testimony of the officer as to finding the whisky on the ground that the officer had no search warrant and that the evidence was illegally obtained. There is no merit in the objection. The officers had a warrant for appellant's arrest, and the arrest being legal the search was likewise legal. Furthermore, the officer testified without contradiction that appellant consented to the search.

By bill of exception number four appellant complained of the introduction of the bottles and the liquid therein and the revenue stamps and state stamps on the bottles, and the names of the whisky as shown on the labels and stamps. The particular evidence to which objection was made is not further pointed out, but we are referred to the evidence as found on pages 11, 12 and 13 of the statement of facts. Much of the evidence was unquestionably admissible, and the bill seems to be subject to the vice that where part of the evidence objected to is admissible and part may not be, the bill is defective. See Sec. 212, 4 Tex. Jur., p. 305, and cases there cited. However, if the bill is not defective in the particular mentioned we think the evidence not subject to the objections urged. The labels, stamps, etc., on the bottles were not placed there by the officers making the arrest, but were on the bottles found in appellant's possession. He was charged with knowledge of what was on the bottles and it was descriptive of the articles so found.

The judgment is affirmed.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The lamented Judge Lattimore had prepared a memoranda opinion on rehearing which relates to one of appellant's propositions. It had never been taken into consultation but we incorporate it here following:

"Section 23, Art. 1, Texas Liquor Control Act, defines as 'Dry area as any county, justice precinct, incorporated city or town wherein the sale of intoxicating liquor had been prohibited by valid local option election,' etc.

"The facts in this case show beyond question that Madison County, Texas, is and was such dry area. Section 23a of said article of said Act makes it unlawful for any person to possess liquor for the purpose of sale in said dry area. Appellant also insists that the local option law in Madison County was repealed in 1919 by what is known as the Dean Law, and that same has

never been revived or re-enacted, and he cites the Cone case in 236 S. W., 485-86. Evidently appellant means to refer to such repeal by the constitutional amendment of Section 20, Art. 16 of our Constitution by popular vote in 1919. What was said in those cases was correct, but appellant loses sight of the fact that this prosecution is not under or by virtue of any local option enactment, but is under the Texas Liquor Control Act. We call attention to the fact that in the constitutional amendment of 1935, sub-div. (c) thereof expressly provided that in all territory wherein the sale of intoxicating liquor had been prohibited by local option elections, held prior to the taking effect of said Section 20 as amended in 1919, it should continue to be unlawful to sell, barter, etc., such liquor, unless and until such legal status became different as the result of some future local option election held in such territory. That the people had the right and power to so enact by their majority popular vote would hardly be questioned. This merely fixed the status of the territory affected. Following such constitutional utterance the 44th Legislature enacted the Texas Liquor Control Act, under whose terms this prosecution was instituted. We see no need for discussing so much of appellant's motion as argues that this case is an attempted prosecution under the old local option law. It is not."

The foregoing memoranda is adopted as the opinion of the court upon the point to which it relates.

Upon original submission our attention was fixed upon the general attack upon the law under which the prosecution proceeded, and in the absence of a brief for appellant the significance of bill of exception number five escaped our attention. Said bill is stressed in appellant's motion for rehearing. It recites that the case was tried before the judge who (and we quote) "* * * immediately upon the conclusion of the testimony found the defendant guilty after refusing to hear argument of counsel in behalf of defendant, and after refusing to hear the defendant for himself to which action of the court in refusing the defendant the right to be heard in person and by counsel the defendant then and there excepted." The bill is approved without qualification or explanation. Appellant urges that he was deprived of a right absolutely guaranteed him in Section 10, Art. 1 of the State Constitution. The exact question was presented in Anselin v. State, 72 Texas Crim. Rep., 17, 160 S. W., 713, under circumstances the same as found here, that is, where the case was tried without a jury. In the case mentioned this court speaking through Judge Davidson said:

254

"When the testimony was finished, the court immediately announced his conclusion of guilt. Appellant's counsel immediately demanded the right to be heard in argument on the case both as to the law and facts. This the court declined to hear, because he said he had announced his conclusion. The bill of exceptions makes it apparent that the whole thing immediately followed the close of the testimony, and appellant was in time in his demand; he had not waived it but was urgently insisting upon being heard. The Constitution, Art. 1, Sec. 10, expressly provides that the accused shall have the right of being heard by himself or counsel, or both. The courts, in passing upon this question, say this is a valuable right of which the appellant can under no circumstances be deprived. Of course he can waive it, but he has a right to be heard unless he waives it. In support of this we will cite several cases: Roe v. State, 25 Texas App., 33, 8 S. W., 463; Tooke v. State, 23 Texas App., 10, 3 S. W., 782; Reeves v. State, 34 Texas Crim. Rep., 483, 31 S. W., 382; Spangler v. State, 42 Texas Crim. Rep., 233, 61 S. W., 314."

The same subject will be found adverted to in the following subsequent cases: Nowlin v. State, 76 Texas Crim. Rep., 480, 175 S. W., 1070; Gutierrez v. State, 96 Texas Crim. Rep., 327, 257 S. W., 889.

All other contentions urged by appellant are overruled, but because bill of exception five reflects that he was denied a right guaranteed by a positive provision of Section 10, Art. 1 of the Constitution we feel constrained to grant appellant's motion for rehearing, set aside the original judgment of affirmance, and direct that the judgment of the trial court be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*

GRAVES, J., absent.