## WILLIE LON BEACH v. THE STATE.

No. 23609. Delivered March 5, 1947.

*William C. McDonald,* of San Angelo, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is driving a motor vehicle, while intoxicated, upon a public highway in Tom Green County. The punishment assessed is a fine of Fifty Dollars.

Appellant's first complaint relates to the court's action in overruling his motion to quash the complaint and information. We have examined both the complaint and information and are convinced that they charge an offense defined by Article 802, P.C.

He next contends that the court erred in declining to sustain his motion for a new trial based upon what he claims is an improper verdict. The verdict as returned by the jury reads as follows:

"We, the jury, find the defendant guilty and assess his punishment by a fine of fifty dollars.

"(Signed) J. P. LeMay,
"Foreman.

"We, the jury, recommend that he be permitted to retain his drivers license."

The verdict of the jury definitely recites that they found appellant guilty of driving a motor vehicle, while intoxicated, upon a public highway and assessed his punishment at $50.00. Thereupon his drivers license was automatically suspended for a period of six months by virtue of Sec. 16 of Art. 6687a, Revised Civil Statutes. The jury had no legal authority to either suspend or to recommend that his drivers license be not suspended. They were evidently aware of this. Consequently, their recommendation was but a suggestion to the court. In the instant case, the court could disregard the recommendation since the question of suspension or non-suspension of the drivers license was not to be determined by the jury but by the law upon conviction. Such, however, is not the case where the jury recommends a suspension of sentence which is within their province. Appellant cites us to the case of Smith v. State, 162 S. W. 835, as sustaining his contention. It will be noted that in that case the jury failed to assess any penalty and then recommended suspension of jail sentence. In that case, the court ordered the jury to retire and bring in a verdict in consonance with the charge of the court, which they did. This court sustained the action of the trial court and we think properly so.

By bills of exception, appellant complains of the admission of testimony given by certain witnesses. These bills cannot be properly appraised in the absence of a statement of facts.

He also complains because the court declined to sustain his objections, timely made, to the court's charge. This being a misdemeanor, he was not only required to object to the charge but to also prepare and present a proper instruction. See Hall v. State, 102 Tex. Cr. R. 329 (277 S. W. 129), West v. State, 139 Tex. Cr. R. 177 (139 S. W. (2d) 90) and cases there cited.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.