## JOHN HENRY TAYLOR V. THE STATE.

No. 23902. Delivered January 28, 1948.
Rehearing Denied March 17, 1948.

*John T. Hill,* of El Paso, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is driving a motor vehicle upon a public highway while intoxicated. The punishment assessed is a fine of $50.00.

Appellant challenges the sufficiency of the evidence to sustain his conviction.

The State's evidence shows that on the night of the 23rd of March, 1947, Capt. N. O. Abbott of the sheriff's department, together with two other officers, noticed appellant driving a truck from side to side on a highway in El Paso County; they stopped him and asked him to get out of the truck which he did; that after he had gotten out of the truck he staggered when he walked. Mr. R. A. Kelley, one of the other officers who were present and one of those who brought appellant to jail, testified that appellant appeared to be drunk; that he took a specimen of appellant's urine which was delivered to a chemist for the purpose of an analysis to determine the extent of his intoxication. The chemist testified that the specimen contained an alcoholic content of 255 milligrams per 100 c.c.; that anything above 150 shows some degree of intoxication.

Appellant proved by some witnesses that he was not intoxicated on the occasion in question and he, himself, so testified. However, the jury who are the exclusive judges of the facts proven, the credibility of the witnesses, and the weight to be given to their testimony decided the issue adversely to him and this Court would not be authorized to disturb their conclusion on an issue of fact.

Appellant next complains because the court in his charge failed to instruct the jury on the law relative to the revocation of his driver's license. This was not necessary since the law provides that a person's driver's license is automatically revoked when he is found guilty of operating a motor vehicle upon a public highway while intoxicated. This question has been decided adversely to his contention so many times that we do not deem it necessary to again enter upon an extended discussion thereof. See Beach v. State, 199 S. W. (2d) 1020.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.

ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant has filed a lengthy motion herein in which he contends that a license to drive a motor vehicle is a civil matter, and its automatic revocation thereof upon a conviction for drunken driving violates the guaranty of the Constitution in many different ways set forth in his brief.

The right to drive a motor vehicle upon the public highways is a privilege and not a right. It is governed by certain rules and regulations, both different and varied. This privilege is given to some and refused others. Such action is usually based upon the broad principle of the safety of the public. The driving on such highways by a drunken person is denounced as an offense, and a punishment is provided for such driving. A portion of the punishment is the automatic revocation of the privilege of driving on such highways for a period of six months. See Art. 6687b, sec. 24, Vernon's Ann. Tex. Civ. Stat., Vol. 19, 1947 Pocket Part. This revocation, as a portion of the punishment, comes under the police power for the protection of the public safety as well as an effort to deter drunken persons from becoming a hazard on the public highways. The jury's verdict could not direct that such license be not suspended. See Beach v. State, 199 S. W. (2d) 1020; McIntire v. State, 135 Tex. Cr. R. 285, 117 S. W. (2d) 1093.

The penalty for drunken driving is not only a fine, but is a fine and the loss of the privilege of driving a motor vehicle for a period of six months.

The privilege of driving a motor vehicle upon the public highways does not exist unless one has obtained a license to do so. One convicted of an abuse thereof by driving while intoxicated merely loses that privilege for six months.

The motion for rehearing will be overruled.