Chester Lee **DAVISON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 29506.

Court of Criminal Appeals of Texas.

Feb. 5, 1958.

On Motion for Rehearing May 14, 1958.

Looney & Neathery, Dallas, for appellant.

Henry Wade, Dist. Atty., Charles D. Cabaniss and A. D. Jim Bowie, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

Dan Walton, Dist Atty. and Eugene Brady, Asst. Dist. Atty., Houston, amici curiae.

DAVIDSON, Judge.

This is a conviction for driving while intoxicated, with punishment assessed at a fine of $200 and sixty days in jail.

The record affirmatively reflects by bill of exception that before the jury were empaneled and the case tried the trial court sustained the motion of the state to instruct the attorney for the appellant not to mention or make reference, during the trial,

to the fact that the license of appellant to operate a motor vehicle over the highways of this state would be automatically suspended by the Department of Public Safety in the event he was found guilty. In other words, the attorney for the appellant was forbidden, precluded, and denied the right and privilege at any time during the trial to call the jury's attention to the fact that in the event they found the appellant guilty his license to operate a motor vehicle would be automatically suspended and that such suspension would be a part of the punishment inflicted.

In its brief, the state makes no effort to sustain or justify the trial court's action or to cite this court any authority supporting that action. The state's only answer is an endeavor to defeat the bill of exception and to prevent us from passing upon the question presented.

Art. 802, Vernon's Ann.P.C., fixes the penal punishment for drunk driving at confinement in jail for not less than three days nor more than two years and by a fine of not less than $50 nor more than $500.

The civil punishment inflicted and automatically applied upon conviction for the offense of drunken driving is the suspension of the license to operate a motor vehicle for a period of six months. Art. 6687b, Sec. 24(a), subd. 2, (b).

The penal and civil punishments are inflicted only upon the jury's finding of guilt.

There was a time in this state when the jury in drunken driving cases determined whether the license of the accused to operate a motor vehicle was or was not to be suspended as a part of the punishment for the unlawful act.

With the enactment of the present statute (Art. 6687b, Vernon's Ann.Civ.St.), the right was taken from the jury to order a suspension of the license and, instead, provision was therein made that the license of any person would be automatically suspended at least six months upon conviction for

driving a motor vehicle while under the influence of intoxicating liquor. Art. 6687b, Sec. 24, supra.

In Taylor v. State, 151 Tex.Cr.R. 568, 209 S.W.2d 191, 192, there was before this court the contention that the automatic suspension of the license was a civil matter and was no part of the punishment for drunken driving and therefore that suspension of the license could not be inflicted in a criminal proceeding. In overruling that contention, we said:

"The right to drive a motor vehicle upon the public highways is a privilege and not a right. It is governed by certain rules and regulations, both different and varied. This privilege is given to some and refused others. Such action is usually based upon the broad principle of the safety of the public. The driving on such highways by a drunken person is denounced as an offense, and a punishment is provided for such driving. A portion of the punishment is the automatic revocation of the privilege of driving on such highways for a period of six months. See Art. 6687b, sec. 24, Vernon's Ann. Tex.Civ.Stat., Vol. 19. This revocation, as a portion of the punishment, comes under the police power for the protection of the public safety as well as an effort to deter drunken persons from becoming a hazard on the public highways. The jury's verdict could not direct that such license be not suspended. See Beach v. State, [150 Tex.Cr. R. 193] 199 S.W.2d 1020; McIntire v. State, 135 Tex.Cr.R. 285, 117 S.W.2d 1093.

"The penalty for drunken driving is not only a fine, but is a fine and the loss of the privilege of driving a motor vehicle for a period of six months."

It is apparent, therefore, that the automatic suspension of the license is a part of the punishment inflicted, as a matter of law, upon a conviction for drunken driving.

When the legislature at one time placed in the hands of the jury a determination of the suspension of the license they recognized the suspension as a part of the punishment. The fact that the legislature made the suspension automatic did not change its status as being a part of the punishment.

The amount of punishment to be assessed within the limits prescribed by law is peculiarly within the province of the jury. Venn v. State, 105 Tex.Cr.R. 19, 284 S.W. 955.

The courts take judicial knowledge of the statutes of the state, and therefore the fact that the license to drive is suspended by operation of law, upon conviction for driving while intoxicated, becomes and is a matter of common knowledge. Such fact is as much before the court and the jury as is any other fact.

Art. 1, Sec. 10 of our Constitution, Vernon's Ann.St., guarantees to every citizen and to this appellant—among other things—the "right of being heard by himself or counsel, or both * * *."

In Gutierrez v. State, 96 Tex.Cr.R. 327, 257 S.W. 889, we said that a proper comment upon any evidence legitimately before the jury is an incident of the right of one accused of crime to be represented by counsel. Such, also, was the holding in Zimmer v. State, 64 Tex.Cr.R. 114, 141 S.W. 781, to the effect that an accused is entitled to the benefit of argument by his counsel upon any and all of the facts in the case.

There is no escape, here, from the conclusion that the trial court not only prevented appellant's counsel from interrogating the prospective jurors upon the question of penalty but, in addition thereto, denied counsel the right to argue before the jury material facts and his views of the punishment that should be inflicted upon the appellant in the event of his conviction.

The curtailment and denial of this right operated to defeat the constitutional guarantee of representation by counsel and constituted a denial of due process.

The cases of Chapman v. State, 66 Tex. Cr.R. 489, 147 S.W. 580, and Reeves v. State, 34 Tex.Cr.R. 483, 31 S.W. 382, support the conclusion reached.

While it may not be material, the fact nevertheless remains that the appellant was assessed punishment in excess of the minimum the jury were here authorized to inflict.

For the errors stated, the judgment is reversed and the cause is remanded.

WOODLEY, Judge (dissenting).

A jury would not be authorized to acquit or to assess a lesser fine or shorter jail term because the defendant would automatically lose his license to drive a motor vehicle.

Aside from the punishment by fine and jail term which the court explained to the jury, other effects of a conviction were not material and were properly excluded.

I respectfully dissent.

On State's Motion for Rehearing

MORRISON, Presiding Judge.

In a scholarly motion for rehearing and in argument presented by Jim Bowie of the District Attorney's staff, the State has helped the writer reappraise the holding in Taylor v. State, 151 Tex.Cr.R. 568, 209 S.W.2d 191, relied upon by the majority on original submission. In the original opinion in Taylor, the Court held that the question of revocation or suspension was not a matter for the jury's consideration and therefore that it was not proper for the court to mention the same in his charge.

On rehearing, the Court made the pronouncement quoted in our original opinion, but this was in connection with certain constitutional challenges hurled at Section 24,

Article 6687b. Since such challenges were not stated forth in the opinion, the writer is unable to properly appraise the language quoted, but does observe that the original holding was not altered and the Court remained committed to the proposition that the question of revocation was not a matter for the jury's consideration.

I now approach the problem anew.

Shall counsel in the presentation of his case and in argument be allowed to allude to the automatic suspension of the accused's driver's license as a consequence of conviction? In order to authorize the same, it must be part of the "punishment" affixed to such offense.

Article I, Vernon's Ann.P.C., says that the design of the Code is, in part, "[to] affix to each offense its proper punishment."

Article 47, supra, provides, in part: "An offense is an act or omission forbidden by positive law, and to which is annexed, on conviction, *any punishment prescribed by this Code.*" It should be borne in mind that Article 802, V.A.P.C., which denounces driving while intoxicated, does not mention suspension of the license and that Section 24 of Article 6687b, V.A.C.S., is not a part of the Penal Code.

Article 48, supra, provides, in part: "The punishment incurred for offenses under this Code are * * * 5. Forfeiture of *civil* or political *rights.*" (Italics mine.)

■ The question then poses itself: Is the right to drive a civil right or is it a privilege?

The Supreme Court of this State in Gillaspie v. Department of Public Safety, 152 Tex. 459, 259 S.W.2d 177, speaking through Justice Smedley, has held that it is a privilege and not a right.

In further support of such holding, if any be needed, see Tatum v. Department of Public Safety, Tex.Civ.App., 241 S.W.2d 167; Department of Public Safety v. Robertson, Tex.Civ.App., 203 S.W.2d 950; and

Texas Department of Public Safety v. Jackson, Tex.Civ.App., 272 S.W.2d 577.

We have been cited a number of cases from other jurisdictions which hold that a revocation of a license is not to be considered as a part of punishment. See Prichard v. Battle, 178 Va. 455, 17 S.E.2d 393; Davis v. Commonwealth, 75 Va. 944; Hawker v. New York, 170 U.S. 189, 18 S.Ct. 573, 42 L.Ed. 1002; State v. Harris, 50 Minn. 128, 52 N.W. 387; and Norfolk & Portsmouth Bar Ass'n v. Drewry, 161 Va. 833, 172 S.E. 282.

■ The question of whether the revocation of a license to drive is part of the punishment upon conviction for driving while intoxicated has been decided favorably to the State's contention that revocations and suspensions are not intended as punishment but are designed solely for the protection of the public in the use of the highways in Commonwealth v. Harris, 278 Ky. 218, 128 S.W.2d 579; Commonwealth v. Ellett, 174 Va. 403, 4 S.E.2d 762; Thompson v. Thompson, N.D., 78 N.W.2d 395; and Butler v. Commonwealth, 189 Va. 411, 53 S.E.2d 152.

In fact, this Court in Gilbert v. State, 212 S.W.2d 182, 183, said:

"* * * Appellant's driver's license is automatically suspended by law upon such conviction, it being a matter which is beyond the control of both the trial court and the jury. * * *"

To recapitulate: Taylor v. State, supra, holds that the question of revocation of the driver's license shall not be submitted to the jury in the court's charge. Beach v. State, 150 Tex.Cr.R. 193, 199 S.W.2d 1020, holds that revocation of the driver's license is not a proper part of the verdict. And McIntire v. State, 135 Tex.Cr.R. 285, 117 S.W.2d 1093, holds that revocation of the driver's license is not a proper part of the judgment.

Still another case comes to our attention. A very kindred question was before this

Court in Johnson v. State, 116 Tex.Cr.R. 185, 31 S.W.2d 1084.

Johnson was charged with the felony offense of driving while intoxicated, and the State made a motion, such as was made in this case, and secured a ruling from the court prohibiting appellant's counsel from alluding to the fact that a conviction in the the case then on trial would result in a revocation of a suspended sentence which the accused had theretofore received. This Court upheld the trial court and said, in effect, that the ancillary results of a conviction were not a part of the punishment, proscribed by the Legislature to the offense then on trial, and therefore were not proper matters for the jury's consideration.

█ Then, if the question of revocation is not a part of the punishment and is not a proper part of the charge, verdict or judgment, it is not a question for the jury's consideration, and the original opinion of the majority in the instant case was unsound.

The State's motion for rehearing is granted, the judgment of reversal is set aside, and the judgment is now affirmed.

DAVIDSON, Judge (dissenting).

The statement by my brethren that taking from one the right or privilege of driving and operating his automobile over the public highways is not punishment to him is, to me, absurd and utterly without foundation. It is against the express holdings of this court.

Sight should not be lost of the question that is before this court. No one is contending, here, that the trial court should have submitted to the jury the question of revocation. No one is contending that the jury's verdict did not automatically suspend the license upon a finding of guilt.

This case arose out of the trial court's ruling, at the motion of the state, that at no time during the trial of the case would appellant or his counsel be permitted to call to the attention of the jury or in any manner suggest to them that in the event they found appellant guilty their verdict would automatically suspend his license to drive an automobile, which punishment would be in addition to that which the jury fixed in their verdict.

What reason could possibly exist to keep that information from the jury? Why would the state object to the jury's having this information? The answer is apparent, for without such information the jury might inflict a greater punishment than they would if they knew that in addition to the punishment they assessed they were also taking from him the privilege of driving his automobile for a period of six months.

There may be some excuse for a prosecuting attorney, in his zeal to secure at the hands of the jury greater punishment, to keep from the jury facts or information that would tend to lessen the punishment inflicted by them, but there is no excuse or reason for a trial court or this court to permit such a thing to happen.

The trial judge is not concerned with the amount of punishment the jury inflict. It is his duty to see that the accused receives a fair trial under the law. The same applies to this court.

I can not conceive how that can be accomplished by wilfully and deliberately withholding from the jury facts or information which have a legitimate bearing upon the penalty which the jury might assess in the event of a conviction.

The great heritage of the American citizen is the right of trial by jury. That right, in this state, entails having the jury determine guilt or innocence and, in the event of guilt, to fix the punishment for the crime committed.

When facts relevant to the performance by the jury of that duty are deliberately kept from them, trial by jury is denied.

Give the jury the facts!

I will suppress my desire to answer in detail the position taken in the majority opinion, but I will make this observation:

If automatic cancellation of the license to drive is not a part of the punishment inflicted in this case, then what right does a criminal court have to determine or to enforce it?

The holding of my brethren, here, that automatic suspension has no place in a criminal case destroys all the law with reference thereto, because if automatic suspension upon conviction for crime is a civil matter only, then it must be determined in a civil proceeding.

I submit that the original opinion in this case was right and proper.

I dissent.