

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 20, 1969

Col. Wilson E. Speir, Director
Texas Department of Public Safety
5805 North Lamar
Austin, Texas   78751

Opinion No. M-498

Re:   Whether a court has
the power to probate
only the automatic
suspension of a
driver's license upon
a conviction for
"driving while intoxi-
cated"; and whether
there can be a later
conviction for "driv-
ing while license sus-
pended" if the court
lacks the power to
probate the automatic
suspension of the
driver's license in
the earlier conviction,
but recites in the
judgment that the
license suspension

Dear Colonel Speir:                     is probated.

        You have requested the opinion of this office with
regard to the legality of a judgment recently entered in
the County Court of Freestone County finding a defendant
guilty of driving while intoxicated.  The judgment reads,
in part, as follows:

        "THE STATE OF TEXAS  X      CHARGE:  DRIVING WHILE
        VS.                   X               INTOXICATED
        HOMER LEE SCOTT       X  NO.  9028
                                     DATE:  February 28, 1969

            "This day this cause was called for trial,
        and both parties appeared and announced ready
        for trial, and the defendant HOMER LEE SCOTT
        after being duly admonished of the consequences
        thereof by the Court, plead guilty to the

charge herein, and waived a trial by jury and submitted his cause to the Court. Wherefore it is considered by the Court, that the defendant is guilty as charged, and his punishment is assessed at a fine of Seventy Five and No/100 ($75.00) Dollars and costs, and three days' imprisonment in the county jail. Defendant released to the custody of TPH Clifford G.Hollie. Suspension of Drivers' License probated for a period of 18 months.

"It is therefore considered and adjudged by the Court, that the State of Texas do have and recover of the defendant HOMER LEE SCOTT the said fine of Seventy Five and No/100 ($75.00) Dollars and all costs of this prosecution and that he be imprisoned in the county jail of Freestone County, Texas, for three days, and the defendant being present in Court is placed in the custody of the Sheriff who will commit him forthwith to the jail of said County until said period of imprisonment has expired, and thereafter until said fine and costs are fully paid. It is further ordered by the Court that execution may issue against the property of said defendant for the amount of said fine and costs.

/s/ T.N. EVANS
County Judge,
Freestone County,
Texas"

You then make the following observations about the foregoing judgment:

"This Judgment raises an interesting question. Does a judge have the power to suspend a license which, under Section 24 of Article 6687b, Vernon's Civil Statutes, is 'automatically suspended upon final conviction'? As we read this Judgment, it finds the defendant guilty of Driving While Intoxicated, fines the defendant $75 and costs and sentences him to jail for three days. In addition to this the judge attempts to probate the suspension of the driver's license for an eighteen months' period. The Judgment was entered February 28, 1969, and we have no

notice of any appeal, so we are assuming it has become final. We therefore ask your opinion as to whether the judge can in fact probate the suspension of the driver's license under these circumstances?

"Should your answer to this question be in the negative, we would like an answer to the further question as to whether an individual operating a motor vehicle after such judgment became final would be guilty of the offense of Driving While Driver's License was Suspended?"

The questions you pose can be summarized as follows:

1. Does a judge have the power to suspend the execution of the automatic suspension of a driver's license which occurs after a first conviction for "driving while intoxicated", an offense defined by Article 802, Penal Code of Texas?

2. If the judge does not have this power, can the defendant be convicted of "driving while license suspended" under the provisions of Article 6687b, Section 24, Vernon's Civil Statutes of Texas, when the judgment of conviction does recite that the automatic suspension of the drivers license is "suspended"?

Article 6687b, Section 24 (a), provides in part as follows:

"Sec. 24. (a) The license of any person shall be automatically suspended upon final conviction of any of the following offenses:

". . .

"2. Driving a motor vehicle while under the influence of intoxicating liquor or narcotic drugs;

". . .

"(b) The suspension above provided shall in the first instance be for a period of twelve (12) months. In event any license

shall be suspended under the provision of
this Section for a subsequent time, said
subsequent suspension shall be for a
period of eighteen (18) months.

". . ."

This office has held that when a person is con-
victed for a misdemeanor offense of driving while
intoxicated (first offense) and is placed on probation
in accordance with Article 42.13, Vernon's Code of
Criminal Procedure of Texas, 1965, the judgment of
conviction is not final and accordingly the defendant's
driver's license is not automatically suspended.
Attorney General's Opinion No. C-626 (1966). Accord:
Attorney General's Opinion Nos. C-515 (1965) and
C-685 (1965). However these opinions apply only when
the fine or the sentence, or both, have been probated,
which is not the case here.

Where the convicting court attempts to suspend
or probate only the automatic suspension of the de-
fendant's driver's license, as in the instant case,
the decision in Davison v. State, 313 S.W.2d 883
(Tex. Crim. 1958) must be given consideration.
Therein, the Court of Criminal Appeals held that the
automatic suspension of a driver's license upon con-
viction for driving while intoxicated was not a part
of the punishment, but only a civil penalty which
was not properly to be considered by either the judge
or jury at the criminal trial.

However, in 1965, the same year that the misdemeanor
probation law was passed, the Legislature amended Arti-
cle 6678b by the passage of Senate Bill 498, Acts 59
Leg., 1955, Regular Session, Chapter 717, page 1663.
Therein it was provided in Article I, Section 1, Sub-
section (r), that,

"(r) The suspension or revocation of a
license . . . shall be considered as a
penalty and subject to executive clemency
as any other fine or punishment."

The question naturally arises as to whether the
language of Subsection (r) quoted above would also
apply in probation situations so as to permit the
automatic suspension of a driver's licenses to be pro-
bated upon a conviction for one of the offenses that
carries the automatic suspension.

Col. Wilson E. Speir, Page 5, (M- 498 )

In answering this question, notice should first be made that Subsection (r) refers only to executive clemency not judicial probation. The statutory construction maximum, expresio unius est exclusio alterius would clearly rule out any speculation that the Legislature intended, in enacting Subsection (r), to include any application to probation. In Subsection (r) the Legislature has clearly stated that the automatic suspension is the subject of executive clemency and so is commutable and pardonable. But by not referring to probation with reference to the automatic suspension, the Legislature has just as clearly signified its intention that the subsection is not applicable to probation situations.

Second, Subsection (r) and the misdemeanor probation law (Article 42.13, V.C.C.P., 1965) were both passed by the same session of the Legislature, the 59th Regular Session. Subsection (r) appears as a part of Chapter 717 of the Session Laws while Article 42.13 forms a part of Chapter 722. Article 42.13, the misdemeanor probation law, provides that where probation is granted, "the finding of guilt does not become final." In the present case, the judgment is "final" with respect to guilt the jail sentence and fine imposed. Since the judgment is final, there can be no probation under the express terms of the statute, of the suspension of the defendant's driver's license. As there can be no probation where the conviction is final, any attempt to probate the automatic suspension of a driver's license is meaningless.

Moreover, if the Legislature had intended to permit a convicting Court to probate only the automatic suspension of the driver's license, the language of the statute would have been explicit in this regard.

This view - that there can be no probation of only the driver's license suspension - has been expressed by this office in Attorney General's Opinion No. C-685 (1966). In that opinion, it was held that a trial court has no authority to probate or suspend only the automatic suspension of a driver's license where there is a conviction for "driving while intoxicated" and that any such attempted probation or suspension is a nullity.

- 2383 -

Following the course charted by the above cited
authorities, it is our opinion that the part of the
judgment of conviction by the County Court of Freestone
County set out above, which purportedly probates the
suspension of the defendant's driver's license, has
no force and effect and is a nullity in the eyes of
the law.

We, accordingly, answer your first question in
the negative - a judge, acting judicially in criminal
prosecutions for driving while intoxicated, does not
have the power to probate or suspend the automatic
suspension of a driver's license upon a conviction
for driving while intoxicated.

In this respect, our conclusion would not be changed
by House Bill 363, Chapter 614, page 1824, Acts, 61st
Legislature, Regular Session, 1969, amending Section
22 of Article 6687b, Vernon's Civil Statutes, by adding
new subsections (e) and (f) thereto. These provisions
apply to the power of a judge acting in administrative
proceedings and authorizes the probation of the sus-
pension of a driver's license in various instance
that are not material here.

There remains consideration of your second question.
Can the defendant in the present case be convicted of
driving while his driver's license is suspended?  In
any criminal prosecution, there exists the possibility
that a court or jury could find the defendant guilty.
However, certain practical questions arise which could
result in an unsuccessful criminal prosecution.

Given only the judgment of conviction, reciting
that the suspension of the defendant's driver's license
has been probated, the present defendant might urge,
to a charge of "driving while driver's license sus-
pended," the defense of mistake of fact, a defense
which could be held to arise under Article 41 of the
Penal Code of Texas.

Here, the defendant in the "driving while intoxi-
cated" case might be successful in proving that he was
"laboring under a mistake (of) fact" if later charged
with "driving while license suspended". He could urge
that the earlier "driving while intoxicated" judgment
informed him and led him to reasonably believe that
his license was not, in fact, suspended and that

he had a valid license for the operation of a motor vehicle. While we find no Texas cases in point, there are authorities in other jurisdictions to the effect that reliance on a court judgment is a defense. There is also authority to the contrary. 21 Am. Jur. 2d 177, Criminal Law, Sec. 96, and cases cited.

However, your department, is not powerless in the instant situation. You know of the conviction for driving while intoxicated and have the power to require this defendant to surrender his license under the authority conferred upon you by Article 6687b, Section 32, Vernon's Civil Statutes, which reads in pertinent part:

> "Sec. 32. It shall be unlawfull for any person to commit any of the following acts:
>
> ". . .
>
> "4. To fail or refuse to surrender to the Department on demand any operator's, commercial operator's, or chauffeur's license which has been suspended, cancelled, or revoked as provided by law;
>
> ". . ."

See Attorney General's Opinion No. V-91 (1947) for an interpretation of the foregoing statutory provision.

It is seen that the answer to your second question - can the instant defendant be convicted of "driving while license suspended - is contingent upon whether the defendant knows that the attempted probation of the suspension of his license is a nullity. If he does not know that the probation provision is void, he could not, in all likelihood, be convicted of "driving while license suspended". If he does know that the probation provision is without the power of the court to make, then a conviction for "driving while license suspended" could be obtained.

## SUMMARY

Our answer to your first question is that a trial judge in a criminal proceedings does

not have the power to probate or suspend the automatic suspension of a driver's license which results after a conviction for "driving while intoxicated" unless the entire judgment of conviction and sentence is probated, and any attempted probation or the suspension of only the driver's license suspension is a nullity.

Our answer to your second question is that a defendant may or may not be convicted of driving while his license is suspended, depending upon the finding of a particular court or jury. However, such defendant, upon demand by the Department of Public Safety, can be required to surrender his license pursuant to Article 6687b, Section 32, Vernon's Civil Statutes.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Lonny F. Zwiener
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman

Bill Allen
John Banks
Harold Kennedy
James Cowden

MEADE F. GRIFFIN
Staff Legal Assistant

HAWTHORNE PHILLIPS
Executive Assistant

NOLA WHITE
First Assistant