No. 2809. ARCHER *v.* LONG. November Term, 1891. This was a motion by appellants to suspend an appeal with leave to them to move on Circuit for a new trial on the ground of after-discovered evidence. It appeared from the "Brief" that the issues in the case were the validity of certain transactions between the father and grandfather of appellants, and an assignment to appellants by their grandfather; and respondents, creditors of the father, introduced testimony to show that the grandfather, a very old man at the time, was *non compos mentis*. This motion was based upon affidavits showing the discovery, since the trial on Circuit, of an account book kept at that time by the old man with his tenants and employees, showing mental capacity, and showing further that the existence of this book was not known at the time and could not by due diligence have been discovered. Respondent claimed that the appellant did know of this book at the trial below, and were also fully apprised that the mental capacity of the old man would be disputed.

*R. W. Shand* and *W. W. Thomson*, for the motion. *Carlisle & Hydrick* and *William Munro*, contra.

In delivering its judgment, the court said:

It has been the practice of this court for several years, to sus-

pend the hearing of an appeal, and recommit the case to the Circuit Court to allow the moving party an opportunity to make a motion in the Circuit Court for a new trial on after-discovered evidence, upon a proper showing being made to this court. When an appeal is filed in this court, the Circuit Court loses jurisdiction thereof, and this court assumes jurisdiction. In a case like this, therefore, in order to give the Circuit Court jurisdiction, it is the practice of this court, whenever a *prima facie* case is shown by the moving party, justifying it, to suspend the hearing in the Supreme Court, so as to allow the party making the motion to present to the Circuit Court his grounds for a new trial, which court alone judges of their sufficiency. What guides us is whether the moving party has presented a *prima facie* case; and we do not look into the merits of the ground. We think the appellants here have presented a *prima facie* showing, which justifies us in allowing them an opportunity to present their motion to the Circuit Court.

The following order was thereupon granted December 9, 1891,

Per Curiam. On hearing motion made by appellants in this case "to suspend the hearing of the appeal and to recommit said case to the Circuit Court to consider a motion for a new trial on the ground of after-discovered evidence," and after hearing affidavits submitted and argument of counsel, it is *ordered,* that the hearing of the appeal be suspended and leave given to the appellants to move before the Circuit Court of Union County for a new trial on the ground of after-discovered evidence, notwithstanding the pendency of this appeal. This order is granted without prejudice, and is not intended to indicate what the ruling of the Circuit Court should be on such a motion, as such matter is exclusively within the jurisdiction of the Circuit Court.