

# THE ATTORNEY GENERAL
# OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

December 22, 1949

Hon. James C. Martin
County Attorney
Nueces County
Corpus Christi, Texas

Opinion No. V-980

Re: The legality of the court's
taking possession of the
out-of-state operator's,
chauffeur's, or commercial
operator's license held by
a nonresident, upon the
holder's conviction in
Texas of an offense calling
for automatic suspension
of such license.

Dear Sir:

You have requested the opinion of this office on the question of whether a Texas Court that has convicted a non-resident of Texas of an offense calling for automatic suspension of the operator's license, chauffeur's license, or commercial operator's license of the licensee so convicted, can take possession of such nonresident's out-of-state license or licenses for forwarding to the Department of Public Safety.

It is well settled that the State under its police-power has the right to regulate the operation of motor vehicles on its highways, and that this power extends to non-residents as well as residents. Hendrick v. Maryland, 235 U.S. 610 (1915); Kane v. New Jersey, 242 U.S. 159 (1916); Hess v. Pawloski, 274 U.S. 352 (1927); Anno. 82 A.L.R. 1392.

It has also been held that the right evidenced by an operational license is not a property right but is a condition-al privilege. Department of Public Safety v. Robertson, 203 S.W. 2d 950 (Tex. Civ. App. 1947); Taylor v. State, 209 S.W. 2d 191 (Tex. Crim. 1948); State v. McDaniels, 219 N.C. 763, 14 S.E. 2d 793 (1941); Sleeper v. Woodmansee, 11 Cal. App. 2d 295, 54 P. 2nd 519 (1936); Commonwealth v. Cronin, 336 Pa. 469, 9 A. 2d 408 (1939); 5 Am. Jur. 593, Automobiles, Sec. 157; Anno. 125 A.L.R. 1461.

To the extent that we are here concerned, the Legislature of Texas has regulated the operation of motor vehicles on the highways of this State, both by residents and nonresidents, by a comprehensive operational licensing exaction provided in Art. 6687b, V.C.S.

That statute provides that all persons who operate a motor vehicle on the highways of this State shall have an appropriate operational license therefor, with certain enumerated exceptions. Among those exceptions we find:

"4. Any nonresident who is at least eighteen (18) years of age and who has in his immediate possession a valid operator's license, chauffeur's license, commercial operator's license, or similar license issued to him by his home State (as well as non-residents whose home State does not require the licensing of operators) shall not be required to secure such license under this Act, provided the State or Country of his residence likewise recognizes such licenses issued by the State of Texas and exempts the holders thereof from securing such licenses from such foreign State or Country. The purpose of this Section is to extend full reciprocity to citizens of other States and foreign Countries which extend like privileges to citizens of the State of Texas.

". . .

"5. Any nonresident who is at least eighteen (18) years of age, whose home State does not require the licensing of operators, may operate a motor vehicle as an operator only, for a period of not more than ninety (90) days in any calendar year, if the motor vehicle so operated is duly registered in the home State of such nonresident."

Thus nonresidents are permitted to exercise the privilege of operating on the highways of this State subject initially to the foregoing conditions. But other conditions are also exacted of them. We further find in Section 29 of that statute the following provision:

"(a). The privilege of driving a motor
vehicle on the highways of this State given
to a nonresident hereunder shall be subject
to suspension or revocation by the Department
in like manner and for like cause as an oper-
ator's, commercial operator's, or chauffeur's
license issued hereunder may be suspended or
revoked."

It will be seen, then, that the Legislature has ex-
tended to nonresidents this operational privilege if such
nonresident (1) has in his immediate possession an appropriate
out-of-state license, and (2) if reciprocity is present between
that State and this State as to recognition of each State's
licenses, and also (3) if such other State does not require an
operational license, then the privilege is extended only for
ninety days' operation in this State, absent the securing of
a Texas license.

This conditional privilege granted by the Legislature
to a nonresident is evidenced by the possession of a valid out-
of-state license according to the foregoing specific provision
of our statute. It is quite true that such license may also
evidence a privilege to operate elsewhere than in Texas. But
so long as the out-of-state licensee is in Texas operating on
Texas highways, his privilege to thus operate, as evidenced
by possession of a valid out-of-state license, is subject to
regulation by Texas statutes.

We think that the Legislature has clearly provided
that the driving privilege extended to nonresidents by Sec. 3
(4,5) of Art. 6687b, V.C.S., has been qualified by the provi-
sions of Sec. 29 of such statute to the extent of making same
subject to all of the conditions applicable to residents. Res-
ident's operational privileges are subject to automatic suspen-
sion upon the conviction of such licensee of an offense enum-
erated under Sec. 24 of the statute. This office has heretofore
held in Opinions V-91 and V-479 that the license is suspended
automatically by a conviction of the licensee of one of such
enumerated offenses. And see Taylor v. State, 209 S.W. 2d 191
(Tex. Crim. 1948). The custody of the license is a distinguish-
able consideration from its suspended character. That being
true, we see no reason why the custody of an out-of-state license
may not be assumed in the same way that the Texas license of a
resident is assumed under Sec. 25 of the statute. This is true
because such license, be it Texas or out-of-state, merely evi-
dences the privilege of operating on Texas highways, which
privilege is subject to reasonable regulation.

Generally the power to revoke any type of license is vested only in the authority which granted it. 53 C.J.S.,Sec. 44, page 652. But the Texas Court which convicts a nonresident of an offense calling for automatic suspension does not revoke the out-of-state license by assuming custody of it; it only assumes custody of the evidence of the conditional privilege granted such nonresident to operate a motor vehicle on Texas highways.

This opinion does not concern the procedure to be followed by the custodian of the nonresident's out-of-state license in holding or disposing of such out-of-state license after assuming custody, as such question has not been asked.

## SUMMARY

The privilege of a nonresident to operate in this State as evidenced by the out-of-state operator's license, chauffeur's license or commercial operator's license possessed by such nonresident is automatically suspended by the conviction of such nonresident in this State of an offense for which automatic suspension is provided under Sec. 24 of Art. 6687b, V.C.S. Insofar as this privilege is evidenced by the out-of-state license held by such nonresident, such out-of-state license may be taken up by the convicting court.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Dean J. Capp*
Dean J. Capp
Assistant

DJC/rt

APPROVED:

*Price Daniel*
ATTORNEY GENERAL