**Affirmed and Opinion Filed April 27, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00573-CV

### ROBERT E. MARZETT, Appellant
### V.
### STEVE MCCRAW, JAMES SHOEMAKER, WARREN MIKE YARBOROUGH, GREG WILLIS, COLLIN COUNTY, AND TERRY BOX, Appellees

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-03962-2013**

## OPINION

Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Francis

In nine issues, Robert E. Marzett appeals the trial court's judgment, granting appellees' motions to dismiss and motion for sanctions. We affirm.

On January 18, 2012, Marzett was driving on Preston Road in Collin County when Officer James Shoemaker pulled him over for driving a vehicle without license plates as required by the Texas Transportation Code. Marzett told the officer he was "engaged in private travel for private purposes utilizing private property" and was not subject to the mandates of the transportation code. When Shoemaker asked for Marzett's driver's license, Marzett responded that there was no law requiring him to have a State of Texas driver's license "for the purpose of private travel, utilizing private property for private purposes." Shoemaker checked his computer system which indicated Marzett's license had been suspended, arrested Marzett, and transported

him to the Collin County jail. Marzett was charged and found guilty of the misdemeanor offense of "driving while license invalid/suspended," but later acquitted on appeal to the county court at law.

Marzett then sued Steve McCraw (director of the Texas Department of Public Safety), Officer Shoemaker, William Mike Yarborough (Justice of the Peace), Greg Willis (Collin County District Attorney), Terry G. Box (Collin County Sheriff), and Collin County, claiming they illegally enforced the Texas Transportation Code against him when he was not engaged in transportation. Marzett claims he was "not a statutory 'person,' and his private property was not being used as a 'device' to transport or draw persons or property." McCraw and Shoemaker filed a motion to dismiss under Texas Rule of Civil Procedure 91a. The remaining appellees filed answers asserting immunity, and later motions to dismiss, pleas to the jurisdiction, and a motion for sanctions. The trial court granted appellees' motions, dismissed Marzett's claims, and awarded sanctions. Marzett paid $6,945 in attorney's fees and costs to Collin County, a portion of the sanctions ordered by the trial court. He then filed this appeal.

We first note that in several of Marzett's issues, he does not cite legal authority or provide citation to the record for the complaints he raises. *See Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 896 (Tex. App.—Dallas 2010, no pet.) (statements of fact must be supported by direct references to record that are precise in locating fact asserted; if record references not made or are inaccurate, misstated, or misleading, brief fails). In others, he cites authority but fails to provide relevant legal analysis or to apply the authority cited correctly to the facts of his case. *Id.* (existing legal authority applicable to facts and questions raised must be accurately cited; references to legal authority that have nothing to do with issues raised are contrary to requirement of rule 38.1(i) and references to sweeping statements of general law are

rarely appropriate.). We question whether these issues present anything for judicial review. *See id*. at 897.

Regardless, the essence of Marzett's complaints stem from his belief that there was no authority for appellees to enforce sections of the transportation code against him because he was not "engaged in transportation."

The law is well settled that the State of Texas can and does require that an individual display valid license plates and possess a valid driver's licenses when that person is operating a motor vehicle on a public highway. *See* TEX. TRANSP. CODE ANN. §§ 504.943(a) (license plates), 521.021 (driver's license) (West 2013 & Supp. 2014). Specifically, the Texas Transportation Code provides: "[A] person commits an offense if the person operates on a public highway, during a registration period, a motor vehicle that does not display two license plates" that have been assigned by the department and comply with departmental rules. *Id*. § 504.943(a); *see also Spence v. State*, 325 S.W.3d 646, 651−52 (Tex. Crim. App. 2010). A motor vehicle is a vehicle that is self-propelled; a vehicle is a device in or by which a person or property is or may be transported or drawn on a public highway, other than a device used exclusively on stationary rails or tracks. TEX. TRANSP. CODE ANN. §§ 502.001(25), (45).

A person who is not otherwise exempted under chapter 521 of the transportation code "may not operate a motor vehicle on a highway in this state unless the person holds a driver's license issued under this chapter." *Id*. § 521.021. The code also provides:

(a) A person required to hold a license under Section 521.021 shall:

(1) have in the person's possession while operating a motor vehicle the class of driver's license appropriate for the type of vehicle operated; and

(2) display the license on the demand of a magistrate, court officer, or peace officer.

(b) A peace officer may stop and detain a person operating a motor vehicle to determine if the person has a driver's license as required by this section.

*Id.* § 521.025. The law is also well settled that an officer may stop and detain a person if a traffic violation is committed within the officer's view or the officer has reasonable suspicion that a traffic violation was in progress or had been committed. *Kelly v. State*, 331 S.W.3d 541, 549 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd); *see McVickers v. State*, 874 S.W.2d 662, 664 (Tex. Crim. App. 1993). Section 543.001 of the transportation code allows any peace officer to arrest without a warrant a person found committing a traffic violation, except for speeding or a violation of the open container law. TEX. TRANSP. CODE ANN. §§ 543.001, .004(a)(1); *see Ferguson v. State*, 573 S.W.2d 516, 522 (Tex. Crim. App. 1978). An arrest for a minor traffic violation is not an unreasonable seizure under the Fourth Amendment to the United States Constitution. *See Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001); *State v. Gray*, 158 S.W.3d 465, 469 (Tex. Crim. App. 2005).

Although he claims he was not subject to the transportation code, Marzett concedes in his petition and in his brief on appeal that he was "traveling on a public highway" in his "private property in the form of a personal automobile, a 1999 Chevrolet Suburban." Under the plain language of the statutes at issue, Marzett was subject to the requirements of the transportation code despite his claims to the contrary. Thus, Shoemaker was authorized under the code to stop him, and when Marzett failed to display valid license plates or possess a valid driver's license, Shoemaker was authorized to arrest him. After reviewing the record, the briefs, and applicable law, we conclude Marzett's complaints lack merit. The trial court did not err in granting appellees' motions.

We affirm the trial court's judgment.

140573F.P05

/Molly Francis/
MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERT E. MARZETT, Appellant

No. 05-14-00573-CV      V.

STEVE MCCRAW, JAMES
SHOEMAKER, WARREN MIKE
YARBOROUGH, GREG WILLIS, COLLIN
COUNTY, AND TERRY BOX, Appellees

On Appeal from the 401st Judicial District
Court, Collin County, Texas
Trial Court Cause No. 401-03962-2013.
Opinion delivered by Justice Francis,
Justices Lang-Miers and Whitehill
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee STEVE MCCRAW, JAMES SHOEMAKER, WARREN MIKE YARBOROUGH, GREG WILLIS, COLLIN COUNTY, AND TERRY BOX recover their costs of this appeal from appellant ROBERT E. MARZETT.


Judgment entered April 27, 2015.