# NO. 12-19-00059-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| | § | *APPEAL FROM THE* |
| *EX PARTE:* | § | *COUNTY COURT AT LAW* |
| *ROBERT GRAY ROBINSON* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Robert Gray Robinson was charged with operating a motor vehicle on a public roadway with an expired driver's license. This is an appeal from the trial court's denial of Appellant's pretrial application for writ of habeas corpus, in which he alleged that Texas Transportation Code, Section 521.021 is unconstitutionally vague on its face. Appellant raises two issues on appeal. We affirm.

## BACKGROUND

Because this appeal presents a facial challenge to a statute, a detailed rendition of the facts is unnecessary for its disposition. We therefore provide only a brief procedural history.

Appellant was charged by information with operating a motor vehicle on a public roadway while having an expired driver's license. Thereafter, Appellant filed a pro se motion amounting to an application for writ of habeas corpus, in which he argued that Texas Transportation Code, Section 521.021 is unconstitutionally vague on its face. The trial court denied Appellant's application, and this appeal followed.

## CONSTITUTIONALITY OF TEXAS TRANSPORTATION CODE, SECTION 521.021

In his first issue, Appellant argues that Section 521.021 is unconstitutionally vague on its face because it contains no requirement that the required driver's license be "current."

**Standard of Review and Governing Law**

A claim that a statute is unconstitutional on its face may be raised by a pretrial writ of habeas corpus. *Ex Parte Weise*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001). Habeas corpus preconviction proceedings are separate criminal actions, and the applicant has the right to an immediate appeal before trial begins. *Greenwell v. Court of Appeals for the Thirteenth Judicial Dist.*, 159 S.W.3d 645, 650 (Tex. Crim. App. 2005).

We review a trial court's decision to grant or deny an application for writ of habeas corpus under an abuse of discretion standard. *See Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006); *Ex parte Thompson*, 414 S.W.3d 872, 875 (Tex. App.–San Antonio 2013), *aff'd*, 442 S.W.3d 325 (Tex. Crim. App. 2014). However, when the trial court's ruling and determination of the ultimate issue turns on the application of the law, such as the constitutionality of a statute, we review the trial court's ruling de novo. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003), *overruled in part on other grounds by Ex parte Lewis*, 219 S.W.3d 335, 371 (Tex. Crim. App. 2007); *see Thompson*, 414 S.W.3d at 875–76.

Furthermore, a question of statutory construction presents a question of law, which we review de novo. *See Liverman v. State*, 470 S.W.3d 831, 836 (Tex. Crim. App. 2015). In construing a statute, we give effect to the plain meaning of its language, unless the statute is ambiguous or the plain meaning would lead to absurd results that the legislature could not have possibly intended. *Id.* In determining plain meaning, we employ the rules of grammar and usage, and we presume that every word in a statute has been used for a purpose and that each word, clause, and sentence should be given effect if reasonably possible. *Id.* If a word or a phrase has acquired a technical or particular meaning, we construe the word or phrase accordingly. *Id.* If, after using these tools of construction, the language of the statute is ambiguous, we can resort to extratextual factors to determine the statute's meaning. *Id.* "Ambiguity exists when the statutory language may be understood by reasonably well-informed persons in two or more different senses." *Id.*

It is a basic principle of due process that a statute is void for vagueness if its prohibitions are not clearly defined. *State v. Holcombe*, 187 S.W.3d 496, 499 (Tex. Crim. App. 2006) (citing *Papachristou v. City of Jacksonville*, 405 U.S. 156, 162, 92 S. Ct. 839, 843, 31 L.Ed.2d 110 (1972)). The void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and

in a manner that does not permit arbitrary and discriminatory enforcement. *Holcombe*, 187 S.W.3d at 499. Although a statute is not impermissibly vague because it fails to define words or phrases, it is invalid if it fails to give a person of ordinary intelligence a reasonable opportunity to know what conduct is prohibited. *Id.* Moreover, where, as here, a statute does not substantially implicate constitutionally protected conduct or speech, it is valid unless it is impermissibly vague in all applications. *Id.*

**Discussion**

Section 521.021 sets forth that "[a] person, other than a person expressly exempted under this chapter, may not operate a motor vehicle on a highway in this state unless the person holds a driver's license issued under this chapter." TEX. TRANSP. CODE ANN. § 521.021 (West 2018). Appellant argues that Section 521.021 is unconstitutionally vague because it does not set forth a requirement that the driver's license be "current." Thus, according to Appellant, his possession of an expired driver's license satisfied the requirements of the statute. We disagree.

We are mindful that it is "well established [that] the State of Texas can and does require a valid driver's license for all persons operating motor vehicles on the roads of the state." *Hicks v. State*, 18 S.W.3d 743, 744 (Tex. App.–San Antonio 2000, no pet.) (citing *Taylor v. State*, 209 S.W.2d 191, 192 (Tex. Crim. App. 1948)) (right to drive is a privilege, not a right, and is governed by rules and regulations). Section 521.021 requires the operator to hold a driver's license issued *under this chapter. See* TEX. TRANSP. CODE ANN. 521.021. Thus, that section must be considered in conjunction with the rest of Chapter 521. *See id.*

Section 521.025 requires that a person holding a license under Section 521.021 have such a license in his possession while operating a motor vehicle and display the license on the demand of a peace officer. *See id.* § 521.025(a) (West 2018). Section 521.025 further provides that failure to do so constitutes an offense. *Id.* § 521.025(c).

Section 521.271 provides that a license issued to a citizen of the United States expires on the first birthday of the license holder after the sixth anniversary of the date of the application. *Id.* § 521.271(a)(1) (West 2018). "License" means "an authorization to operate a motor vehicle that is issued under or granted by the laws of this state." *Id.* § 521.001(a)(6) (West 2018). The word "expire" means "to come to an end" or "terminate." *Expire*, THE AMERICAN HERITAGE DICTIONARY (2nd College ed. 1982). Thus, under Chapter 521, the legislature sought to limit a

person's authorization to operate a motor vehicle to a certain period of time, following which, the authorization would terminate.[1]

Based on the foregoing, we conclude that Section 521.021's requirement that a person operating a motor vehicle on a highway in this state must hold a driver's license issued under Chapter 521 incorporates Section 521.271's time limitations on this authorization granted by the laws of this state. Accordingly, the license required under Sections 521.021 and 521.025 does not include one which has expired. Therefore, we conclude that Section 521.021 is worded with sufficient definiteness that an ordinary person can understand what conduct is prohibited in a manner that does not permit arbitrary and discriminatory enforcement. *See Holcombe*, 187 S.W.3d at 499. Thus, we hold that the trial court did not abuse its discretion in denying Appellant's application for writ of habeas corpus on this basis. Appellant's first issue is overruled.

### CONSTITUTIONALITY OF TEXAS CODE OF CRIMINAL PROCEDURE, ARTICLE 14.01(b)

In his second issue, Appellant argues that by combining Section 521.021 with Texas Code of Criminal Procedure, Article 14.01(b), the legislature created a "standardless sweep" leading to arbitrary enforcement of Section 521.021 and "egregious and well-chronicled abuses." Presumably, Appellant's complaint is based on the discretion afforded to an officer under Article 14.01(b) to make a warrantless arrest for an offense committed in an officer's presence. *See* TEX. CODE CRIM. PROC. ANN. 14.01(b) (West 2005); *see also Myricks v. U.S.*, 370 F.2d 901, 904–05 (5th Cir. 1967) (recognizing that, under Texas law, person's operation of a motor vehicle without having valid driver's license in his immediate possession is arrestable offense); *Snyder v. State*, 629 S.W.2d 930, 934 (Tex. Crim. App. 1982) (same); *Marzett v. McCraw*, 511 S.W.3d 210, 212 (Tex. App.–Dallas 2015, pet. denied) (same); *Gaines v. State*, 888 S.W.2d 504, 510 (Tex. App.–El Paso, no writ) (same). However, our review of Appellant's argument to the trial court does not reveal a contention concerning the constitutionality of Article 14.01(b). *See Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) ("a defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute"). Therefore, we hold that because Appellant did not first raise an argument regarding the constitutionality of

---

[1] Chapter 521 also provides a means for license renewal. *See, e.g.*, TEX. TRANSP. CODE ANN. § 521.274 (West 2018).

Article 14.01(b) to the trial court, he cannot make the argument for the first time on appeal. *See id.* Appellant's second issue is overruled.

## DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's order denying Appellant's application for writ of habeas corpus.

**BRIAN HOYLE**
Justice

Opinion delivered August 21, 2019.
*Panel consisted of Hoyle, J., and Neeley, J.,*
*Worthen, Chief J., not participating.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 21, 2019**

**NO. 12-19-00059-CR**

**EX PARTE: ROBERT GRAY ROBINSON**

Appeal from the County Court at Law

of Anderson County, Texas (Tr.Ct.No. 65161A)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the trial court's order.

It is therefore ORDERED, ADJUDGED and DECREED that the order denying Appellant's application for writ of habeas corpus of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Hoyle, J., and Neeley, J.,*
*Worthen, Chief J., not participating.*