

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00113-CR

EDWARD JAMES DEMOLLE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 28002

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

## MEMORANDUM OPINION

After a traffic stop led to the discovery of drugs, Edward James Demolle pled guilty to the manufacture or delivery of 200 or more, but less than 400, grams of methamphetamine, a first-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(e). Pursuant to his plea-bargain agreement with the State, Demolle pled true to the State's enhancement allegation, and the trial court sentenced him to thirty-two years' imprisonment.

On appeal, Demolle argues that the trial court erred by failing to grant his suppression motion. He also argues that the evidence is insufficient to support his conviction and that his punishment should be reversed. We find (1) that the trial court properly overruled Demolle's suppression motion and (2) that we do not have jurisdiction to address Demolle's remaining complaints. As a result, we affirm the trial court's judgment.

## I.     The Trial Court Properly Overruled Demolle's Suppression Motion

Demolle filed a motion to suppress evidence obtained as the result of a traffic stop. At the hearing on the suppression motion, Demolle argued (1) that the officer did not have reasonable suspicion to initiate the traffic stop, (2) that the officer exceeded the scope of a traffic stop to engage in a fishing expedition, and (3) that he "never consented to any search of the vehicle" or, alternatively, (4) that "any consent allegedly given was ineffective."

After reviewing the record, we determine that (1) the trial court was free to believe the traffic stop was initiated after the officer observed a traffic violation, (2) continued detention was justified by the discovery of another traffic violation, and (3) the officer obtained the driver's consent to search the vehicle. Consequently, we find that the trial court properly overruled

2

Demolle's suppression motion after finding that the State met its burden to show that the initial traffic stop was legal, the scope of the traffic stop was not excessive in intensity or scope, and the officer obtained the driver's effective consent to search the vehicle.

### A. Evidence at the Suppression Hearing

Aaron Hunter Sanders, an officer with the Lamar County Sheriff's Office, was on patrol at 3:00 a.m. when a vehicle without a driver's side headlight drove past him. Sanders stopped the vehicle and approached the passenger-side door. The passenger, Demolle, told Sanders that the vehicle belonged to him. Sanders asked Demolle and the driver, George Ragas, to produce identification, but neither could.

Sanders obtained Ragas's and Demolle's dates of birth, returned to his patrol unit to analyze that information, and determined that neither Ragas nor Demolle had a valid driver's license. Sanders testified that he entered the vehicle's license plate into the patrol unit's database, which showed Demolle as the vehicle's owner. According to Sanders, Demolle gave his consent to search the vehicle. The dash-camera recording of the stop, played for the trial court, showed that Sanders asked Ragas for consent to search the vehicle and received it.

Sanders searched underneath a pile of clothes in the backseat and was surprised to find another person, Richard Black, hiding. A further search of the car revealed a glass pipe, clear plastic bags, and 243.7 grams of methamphetamine. After hearing Sanders's testimony and watching the dash-camera recording, the trial court denied Demolle's suppression motion.

3

### B.     Applicable Caselaw and Standard of Review

"If an officer has a *reasonable basis* for suspecting that a person has committed a traffic offense, the officer may legally initiate a traffic stop." *Zervos v. State*, 15 S.W.3d 146, 151 (Tex. App.—Texarkana 2000, pet. ref'd) (citing *Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992)). "The standard requires only 'some minimal level of objective justification' for the stop." *Hamal v. State*, 390 S.W.3d 302, 306 (Tex. Crim. App. 2012) (quoting *Foster v. State*, 326 S.W.3d 609, 614 (Tex. Crim. App. 2010)). "Reasonable suspicion exists if the officer has 'specific articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably suspect that a particular person has engaged or is (or soon will be) engaged in criminal activity.'" *Jaganathan v. State*, 479 S.W.3d 244, 247 (Tex. Crim. App. 2015) (quoting *Abney v. State*, 394 S.W.3d 542, 548 (Tex. Crim. App. 2013)).

"We review a reasonable suspicion determination by considering the totality of the circumstances." *State v. Cortez*, 543 S.W.3d 198, 204 (Tex. Crim. App. 2018) (citing *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001)). "When a police officer stops a defendant without a warrant, the State has the burden of proving the reasonableness of the stop at a suppression hearing." *Id.* (citing *Russell v. State*, 717 S.W.2d 7, 9–10 (Tex. Crim. App. 1986), *disapproved of on other grounds by Handy v. State*, 189 S.W.3d 296, 299 n.2 (Tex. Crim. App. 2006)). Because Demolle was stopped without a warrant, "the State had the burden to prove that the initial [traffic stop] was legal." *Id.*

"A trial court's ruling on a motion to suppress is reviewed on appeal for abuse of discretion." *Id.* at 203 (quoting *Crain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010)). The

4

trial court's decision will be sustained if it "is correct under any applicable theory of law." *Id.* We will reverse the trial court's ruling "only if it is arbitrary, unreasonable, or 'outside the zone of reasonable disagreement.'" *Id.* (quoting *State v. Story*, 445 S.W.3d 729, 732 (Tex. Crim. App. 2014)).

We determine whether a law enforcement officer's "reasonable suspicion of criminal activity" is supported by the totality of the circumstances using a bifurcated standard of review: "[f]irst, we 'give "almost total deference to the trial court's determination of the historical facts that the record supports," and second, we review *de novo* the trial court's application of the law to facts, which do not turn on credibility and demeanor.'" *Id.* at 203–04 (quoting *Abney v. State*, 394 S.W.3d 542, 547 (Tex. Crim. App. 2013) (citing *Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009))). Also, "we review *de novo* whether the totality of circumstances is sufficient to support an officer's reasonable suspicion of criminal activity." *Id.* at 204 (quoting *Crain*, 315 S.W.3d at 49).

"When the trial court does not make explicit findings of fact, as in the case before us, we view the evidence in the light most favorable to the trial court's ruling and assume the trial court made implicit findings of fact supported by the record." *Lerma v. State*, 543 S.W.3d 184, 190 (Tex. Crim. App. 2018); *see State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); *Robino v. State*, 548 S.W.3d 108, 113 (Tex. App.—Texarkana 2018, no pet.). "If the trial court's decision is correct on any theory of law applicable to the case, we will affirm the decision." *Robino*, 548 S.W.3d at 113 (citing *Ross*, 32 S.W.3d at 855–56; *Maysonet v. State*, 91 S.W.3d 365, 369 (Tex. App.—Texarkana 2002, pet. ref'd)).

5

**C.    The State Met Its Burden to Show the Initial Traffic Stop Was Legal**

Demolle argues that "there was no headlight violation" and that, as a result, he was stopped because of "an inarticulate 'hunch.'"  Because Sanders's testimony shows otherwise, we disagree.

"An officer may make a warrantless traffic stop if the 'reasonable suspicion' standard is satisfied."  *Cortez*, 543 S.W.3d at 204 (quoting *Jaganathan*, 479 S.W.3d at 247).  The Texas Transportation Code requires a motor vehicle to be "equipped with at least two headlamps" and specifies that "[a]t least one headlamp shall be mounted on each side of the front of the vehicle."  TEX. TRANSP. CODE ANN. § 547.321.  It also requires the headlamps to be on at 3:00 a.m.  *See* TEX. TRANSP. CODE ANN. § 547.302(a); *State v. Gammill*, 442 S.W.3d 538, 542 (Tex. App.—Dallas 2014, pet. ref'd).

Demolle complains that the dash-camera recording did not clearly depict the headlight violation.  Our review of the recording reveals that it did not show the vehicle driven by Ragas until after it had passed Sanders's patrol unit.  As a result, the trial court was unable to see what Sanders saw as the vehicle was approaching him.  However, when asked about the driver's side headlamp, Sanders testified, "It was not lighted on that side of the vehicle."

The trial court, as fact-finder, was free to find Sanders's testimony credible, and its determination of that historical fact is entitled to total deference.  Consequently, we find no abuse of discretion in the trial court's conclusion that Sanders had reasonable suspicion to stop Ragas and Demolle for violating the Texas Transportation Code.

**D.     The Stop Was Not Excessive in Intensity or Scope**

Next, after noting that "12 minutes and 26 seconds [passed] before the officer even requested consent to search the vehicle," Demolle argues that "the stop was far too long for the alleged headlight violation." Because Sanders uncovered another violation of the Texas Transportation Code while investigating the headlight violation, we find that Demolle's continued detention was justified.

"An investigative stop that is reasonable at its inception may violate the Fourth Amendment because of excessive intensity or scope." *Fisher v. State*, 481 S.W.3d 403, 407 (Tex. App.—Texarkana 2015, pet. ref'd) (quoting *Young v. State*, 420 S.W.3d 139, 142 (Tex. App.—Texarkana 2012, no pet.)). This is because "[a] traffic stop made for the purpose of investigating a traffic violation must be reasonably related to that purpose and may not be prolonged beyond the time to complete the tasks associated with the traffic stop." *Lerma*, 543 S.W.3d at 190. "During a traffic stop the officer may request certain information from a driver, such as the driver's license, vehicle registration, and proof of insurance, and run a computer check on that information." *Id.* "An officer is also permitted to ask drivers . . . about matters unrelated to the purpose of the stop, so long as the questioning does not measurably extend the duration of the stop." *Id.*

While investigating the initial traffic stop, Sanders soon learned that neither Ragas nor Demolle had a valid driver's license. The Texas Transportation Code requires a person to possess a valid driver's license when operating a motor vehicle on a public highway. TEX. TRANSP. CODE ANN. § 521.021; *Marzett v. McCraw*, 511 S.W.3d 210, 212 (Tex. App.—Dallas

7

2015, pet. denied). As a result of his discovery of another violation of the Texas Transportation Code, Sanders's continued investigation was justified. *See* TEX. TRANSP. CODE ANN. § 543.001; *see also State v. Gray*, 158 S.W.3d 465, 469 (Tex. Crim. App. 2005) ("Any peace officer may arrest without warrant a person found committing a violation of [the Rules of the Road] subtitle [of the Texas Transportation Code].") (quoting TEX. TRANSP. CODE ANN. § 543.001). Accordingly, the trial court's implied finding that the stop was not excessive in intensity or scope was proper.

### E.     The Officer Obtained the Driver's Consent to Search the Vehicle

Last, Demolle argues, "[T]he evidence shows that Officer Sanders states he obtained consent to search the vehicle from [Demolle] even though [he] did not have authority to give consent to search the vehicle." Demolle's brief can also be fairly read to argue that his consent was involuntary. Because the dash-camera recording showed that Ragas, the driver, gave consent to search the vehicle, we overrule as inconsequential Demolle's complaints regarding his consent.

"Consent to search is one of the well-established exceptions to the constitutional requirements of both probable cause and a warrant." *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002) (citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973); *Carmouche v. State*, 10 S.W.3d 323, 331 (Tex. Crim. App. 2000)). "The validity of an alleged consent to search is a question of fact to be determined from all the circumstances." *Id.* (citing *Ohio v. Robinette*, 519 U.S. 33, 40 (1996); *Allridge v. State*, 850 S.W.2d 471, 493 (Tex. Crim. App. 1991)).

8

The dash-camera recording shows that Sanders obtained consent to search the vehicle from Ragas. "A third party may properly consent to a search when he or she has equal control over and authority to use the premises being searched." *Id.* (citing *United States v. Matlock*, 415 U.S. 164, 171 (1974); *Becknell v. State*, 720 S.W.2d 526, 528 (Tex. Crim. App. [Panel Op.] 1986)). The question of who has a legal property interest is not "dispositive in determining whether a third party has the authority to consent to a search." *Id.* This is because "common authority derives from the mutual use of the property, not the ownership or lack thereof." *Id.* (citing *Matloc*k, 415 U.S. at 171); *see State v. Copeland*, 399 S.W.3d 159, 162–63 (Tex. Crim. App. 2013). "It is this mutual use that leads to a finding that a third party has the right to permit the inspection of the relevant property and that others with an equal or greater interest in the property have assumed the risk that, through the grant of permission to use, the third party might permit the property to be searched." *Id.* at 281–82; *see Houston v. State*, 286 S.W.3d 604, 611 (Tex. App.—Beaumont 2009, pet. ref'd). "As the person with the exclusive control over the operation of the vehicle, a driver necessarily is placed in a superior role with respect to the society within the vehicle. The passengers of the vehicle become subservient to his control." *Copeland*, 399 S.W.3d at 164 (footnote omitted).[1]

The trial court's ruling on a suppression motion is upheld if it "is correct under any applicable theory of law." *Cortez*, 543 S.W.3d at 203. Here, Demolle's brief fails to address

---

[1]The Texas Court of Criminal Appeals has found that, even when a passenger owns a stopped vehicle, the driver's consent is effective "without some affirmative act on [the vehicle owner's] part to show a refusal to consent to the search or to withdraw [the driver's] authority." *Maxwell*, 73 S.W.3d at 282; *see Houston*, 286 S.W.3d at 608; *see also Thornton v. State*, 925 S.W.2d 7, 12 (Tex. App.—Tyler 1994, pet. ref'd). Here, despite Sanders's testimony, Demolle argues that he did not own the vehicle. Yet, he makes no argument as to why Ragas's consent to search the vehicle was ineffective.

Ragas's consent. As a result, we can find no abuse of discretion in the trial court's implied finding that Ragas gave effective, voluntarily consent to search the vehicle, thereby removing the need for Demolle's consent.[2]

After viewing the evidence submitted at the suppression hearing in the light most favorable to the trial court's ruling, we conclude that the trial court properly overruled Demolle's suppression motion.

## II.     We Do Not Have Jurisdiction Over Demolle's Remaining Complaints

In his remaining points of error, Demolle challenges the sufficiency of the evidence supporting his conviction and argues that his punishment should be reversed. We are without jurisdiction to address these matters.

On appeal from a plea-bargain agreement, an appellant may challenge only matters raised by written motion and ruled on before trial, matters that the trial court gives permission to appeal, or matters the legislature has expressly authorized, via statute, to be appealed. TEX. R. APP. P. 25.2(a)(2); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006). The express terms of Demolle's plea bargain only "preserve[d] [his] right to appeal orders on pre-trial motions." Accordingly, the trial court's certification only gave Demolle permission to appeal matters raised by written pre-trial motion. Because Demolle's remaining points exceed the scope of matters raised by pre-trial motion, we do not have jurisdiction to address them.

---

[2]Demolle also argues that statements made by him in the absence of *Miranda* warnings should not have been admitted into evidence. Because the record demonstrates, and Demolle admits, that the State did not seek to introduce Demolle's statements into evidence, we need not address this complaint.

## III.    Conclusion

We affirm the trial court's judgment.

Charles van Cleef
Justice

Date Submitted:    April 13, 2023
Date Decided:      April 26, 2023

Do Not Publish